[Crim. No. 23817. Second Dist., Div. Five. Mar. 14, 1974.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID ALAN BUSH, Defendant and Respondent.

## COUNSEL

Joseph P. Busch, District Attorney, Harry B. Sondheim, Donald J. Kaplan and Sterling S. Suga, Deputy District Attorneys, for Plaintiff and Appellant.

James F. Doak for Defendant and Respondent.

**OPINION**

**KAUS, P. J.**—This is an appeal by the People (Pen. Code, § 1238, subd. (a)(1)) from an order granting defendant's motion under section 995 of the Penal Code and setting aside a two-count information which charged him with selling and possessing marijuana.

Mickey Bennett was a police officer for the City of Long Beach. At about 7:15 p.m., November 20, 1972, Bennett, who was off duty and out of uniform, was on Harvey Way in the City of Lakewood en route to a class at Lakewood High School. He observed a car parked across the sidewalk at the entrance to the school parking lot. Defendant was seated in the driver's seat of the car. Codefendant Going was standing outside the car.[1] Bennett saw defendant hand Going a plastic bag containing a dark green substance which appeared to Bennett to be marijuana. Bennett had been a police officer for five years and had received training in the recognition of marijuana. Bennett next observed Going pass an unknown amount of money to Bush. Bennett put his books down, walked over to Going, showed him the badge, told Going he was under arrest and handcuffed him. He retrieved the plastic bag, which was protruding from Going's front pants pocket. He also confiscated a $10 bill from Going's right hand. Bennett then obtained defendant's car keys and his driver's license and had defendant accompany him to the school office where sheriff's deputies were summoned.

In denying defendant's motion to suppress the marijuana and the $10 bill, the magistrate, referring to *People* v. *Burgess,* 170 Cal.App.2d 36 [338 P.2d 524], stated: "It states in part it would appear that a private citizen may arrest another when circumstances exist which would cause a reasonable person to believe a crime had been committed in his presence. There doesn't seem to be any question for determination. And the court does find that the circumstances would lead a reasonable person to believe that a crime had been committed in his presence. Motion is, therefore, denied."

The trial court, in ruling on defendant's section 995 motion, also proceeded on the theory that Bennett was acting as a private citizen in arresting defendant, but ruled that in that capacity Bennett lacked the power to seize contraband or other evidence, citing *People* v. *Sandoval,* 65 Cal.2d 303, 311 [54 Cal.Rptr. 123, 419 P.2d 187].

---

[1]The record is silent as to what disposition of the matter was had with respect to Going. The present appeal relates solely to Bush.

■ On this appeal the People first request that we take judicial notice of the fact that the arrest took place within 500 yards of the City of Long Beach. Relying on section 782 of the Penal Code and *People* v. *Rogers,* 241 Cal.App.2d 384, 388 [50 Cal.Rptr. 559], the People assert that Bennett was acting as a police officer and not as a private citizen. Section 459 of the Evidence Code provides that the reviewing court must take judicial notice of any matter which the trial court properly noticed or was required to notice under sections 451 and 453 of the Evidence Code, and that the reviewing court may take judicial notice of any matter specified in section 452 of that code.

At no time below did the People seek to have either the magistrate or the superior court take judicial notice of the fact that the arrest took place within 500 yards of the City of Long Beach. The courts below were not obliged to take judicial notice of the matter under sections 451 or 453 of the Evidence Code, And, as noted, the magistrate found that the officer was acting as a private citizen. We cannot now belatedly note the relevant boundary lines for the purpose the People suggest, for to do so would permit the People to devise a new theory which defendant had no opportunity to refute below and which, so far as appears in the record, never occurred to anyone until now. (*People* v. *Superior Court [Simon],* 7 Cal.3d 186, 198 [101 Cal.Rptr. 837, 496 P.2d 1205]; cf. *Agar* v. *Superior Court,* 21 Cal.App.3d 24, 29-30 [98 Cal.Rptr. 148].)

■ The People next assert that Bennett's authority as a police officer extended to defendant and Going under section 830.1, subdivision (c) of the Penal Code because of the likelihood that they would escape if he did not act immediately. The subdivision relied on authorizes peace officers to make arrests outside of their jurisdiction when "there is immediate danger to person or property, or of the escape of the perpetrator . . . ." With respect to the conditions set forth in the statute, the superior court remarked: "As far as (c) is concerned, (c) is an emergency type statute. There was certainly no immediate danger to a person or property involved in the transaction which the officer saw. Certainly it can hardly be said on the face of this record that either of the two perpetrators were likely to flee. Accordingly, the power which Officer Bennett has was the power of a private citizen, pursuant to Section 837 of the Penal Code." We agree with this analysis.

■ The matter thus boils down to the precise question which the trial court perceived as being the key issue in this case: Whether the seizure of the contraband by Bennett, acting  as a private citizen, was illegal.[2]

---

[2]The People do not dispute the proposition that if the seizure can be justified only as one which a private citizen is authorized to make, the exclusionary rule applies

Bennett's precise testimony with respect to the retrieval of the contraband from Going was as follows:

"Q. What about—Did you retrieve the plastic baggie and its contents? [¶] A. Yes, sir. It was in the right front pants pocket of the Defendant Going. [¶] Q. Did you pat him down first or did you just retrieve it from his pocket? [¶] A. No. I didn't pat him down. I just retrieved the item. [¶] Q. Was any portion of the bag or its contents exposed to plain view? [¶] A. Yes, sir. Approximately one inch of the bag was still protruding from the top of his pants pocket. [¶] Q. Were you able to see the contents when it was protruding from the pocket? [¶] A. Yes, sir. [¶] Q. The contents of the bag I am talking about. [¶] A. I could tell it was a substance similar to that of marijuana."

What apparently motivated the trial court's reluctant ruling that the seizure was illegal was the Supreme Court's language in *People* v. *Sandoval, supra,* 65 Cal.2d 303, 311, footnote 5: "A citizen effecting such an arrest is authorized only to 'take from the person arrested all offensive weapons which he may have about his person' (Pen. Code, § 846), not to conduct a search for contraband 'incidental' to the arrest, or to seize such contraband upon uncovering it."

There are two separate thoughts in this footnote. First, the Supreme Court refers to section 846 of the Penal Code which authorizes anyone, citizen or peace officer, who has effected an arrest to relieve the person arrested of offensive weapons. If by that reference the Supreme Court intended to say that section 846 states the only permissible type of seizure by private citizens, that would be the end of this case, as obviously Bennett did not seize a weapon; but the court could not have intended such a meaning. The statute grants a privilege to citizens and peace officers. It prohibits nothing. We know that section 846 has never been interpreted to mean that peace officers, who have made a legal arrest, may seize nothing but offensive weapons. There is no reason to suppose that section 846 serves a different function as far as citizens are concerned.

Having decided that the Supreme Court's reference to section 846 was not intended as a statement that citizens may seize offensive weapons and nothing else, we must consider the second part of the *Sandoval* footnote, to the effect that a citizen may not "conduct a search for contraband 'incidental' to the arrest, or to seize such contraband upon uncovering it."

nevertheless. (*People* v. *Cheatham,* 263 Cal.App.2d 458, 462, fn. 2 [69 Cal.Rptr. 679].)

That prohibition just does not apply to this case. No search uncovered the contraband. Even after Going tried to put it in his pocket, part of it remained exposed to view. To seize an object in plain sight is not a search. Nothing was uncovered.

The question remains whether it was unreasonable for Bennett, acting as a private person, to seize the contraband. The arrest of Going was authorized because Bennett had just seen him commit a public offense in his presence. We find nothing unreasonable in a private person seizing an item of physical evidence, the sight of which authorized the arrest in the first place. Precisely what he may, or may not, do with such an object after seizing it is not in issue here. Certainly, however, the arrestee need not be given an opportunity to dispose of or destroy the evidence which would shield the arresting citizen from civil liability for false arrest.

The order is reversed.

Stephens, J., and Hastings, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied May 8, 1974.