Opinion
ARDAIZ, P. J.
The People appeal from an order of the municipal court granting the defendant’s motion pursuant to Penal Code section 1538.5 to suppress blood-alcohol-test results.[1] The lower court granted the motion on the ground that the defendant was not lawfully detained because the Clovis City police officer who stopped him was outside the territorial jurisdiction of the Clovis City Police Department at the time the officer made the observations giving rise to the detention and arrest.
On May 20,1985, the Clovis City Police Officer Luis Duran was on routine patrol on Ashlan Avenue just west of Clovis Avenue in the City of Fresno. Officer Duran was outside his territorial jurisdiction because he was on his *Supp. 16 way to the Clovis City yard to obtain gas for his vehicle. He observed defendant make a “wide” right hand turn eastbound onto Ashlan Avenue. All four wheels of the defendant’s vehicle went over the double yellow lines into the westbound lane.
The officer believed that a Vehicle Code infraction (§ 21460 [failure to drive on the right hand side of the road]) had occurred. He activated his red light and pulled the defendant over. The officer testified in the lower court hearing that after defendant was stopped, he showed indicia of intoxication. The officer administered a field sobriety test and subsequently arrested defendant and transported him to a location where a breath test was administered. Defendant was booked for a violation of Vehicle Code section 23152, subdivision (b).

Did the trial court err in determining that the officer had no authority to detain defendant pursuant to section 830.1, subdivision (a)(3)?

We shall initially dispose of the question raised by defendant whether an infraction is a public offense. Section 16 provides, “Crimes and public offenses include: [If] 1. Felonies; [If] 2. Misdemeanors; and [If] 3. Infractions.”
Defendant contends that a violation of Vehicle Code section 21460 is an infraction and is therefore not a public offense. Defendant cites the court to People v. Battle (1975) 50 Cal.App.3d Supp. 1 at page Supp. 6 [123 Cal.Rptr. 636]: “Section 16 of the Penal Code declares that ‘crimes and public offenses’ include not only felonies and misdemeanors but also infractions. Section 19c and 1042.5 of the Penal Code deprive a person accused of an infraction of the right to a jury trial. Yet, section 689 of the Penal Code declares that ‘[no] person can be convicted of a public offense unless by verdict of a jury.” ... [1Í] If the Legislature intended to treat infractions as public offenses and if the charging of a public offense invokes the right to trial by jury, sections 19c and 1042.5, which deny a jury to one who commits an infraction, conflict with section 689. However, the same (1968) Legislature enacted section 19c, the pertinent amendment of section 16 and section 1042.5.... [W]e must conclude that it was not the intent of the Legislature to enact inconsistent statutes and, further, that when it added the term ‘public offense’ to section 16 it was not so categorizing infractions because if it did so it would have caused inconsistency between sections 19c and 689 of the Penal Code. Support for this interpretation is found in the language of section 1042.5 which states that a defendant ‘charged with an infraction and with a public offense for which there is a right to jury trial’ (italics added) may be accorded a jury trial. Had the Legislature intended that an infraction be treated as a public offense, it would have worded the statute differently, for example, ‘an infraction and with some other public offense.’ ”
*Supp. 17 The Battle court reviewed its earlier decision in People v. Oppenheimer (1974) 42 Cal.App.3d Supp.4 [116 Cal.Rptr. 795] which noted that section 689 was originally enacted in 1872 and last amended in 1951, and sections 19c and 1042.5 were enacted in 1968. The Battle court held that all sections must be read together and, in case of conflict, that effect must be given to the latest enacted sections which specifically were sections 19c and 1042.5. The court in Oppenheimer held that sections 19c and 1042.5 qualify section 689 insofar as infractions are concerned. In footnote 2 of the Oppenheimer decision, the court addressed the question of whether a constitutional infirmity existed in the denial of a jury trial to infractions. We concur in the language of Oppenheimer with respect to sections 19c and 1042.5 as qualifying section 689. However, we decline to accept the interpretation of People v. Battle, supra, 50 Cal.App.3d Supp.l, in that we determine the appropriate interpretation is that the Legislature, in drafting sections 19c and 1042.5, intended merely to exempt infractions from those public offenses which require a jury trial rather than exempting infractions from the definition of a public offense. In People v. Tennessee (1970) 4 Cal.App.3d 788 [84 Cal.Rptr. 697], the court construed the “public offense” language of section 836, subdivision 1 to include a Vehicle Code infraction of failure to stop at a traffic light. In People v. Turk (1977) 75 Cal.App.3d 639 [142 Cal.Rptr. 362], the court found that an officer had reasonable cause to believe a public offense had been committed where the officer observed the defendant’s vehicle speeding through a residential area and observed that there was no illumination on the rear license plate.
The court notes that there is no distinction between the term public offense as it is related in section 830.1, subdivision (a)(1) and section 830.1, subdivision (a)(3).[2]
*Supp. 18 Under these circumstances, it is reasonable to infer that the Legislature intended no distinction to be drawn between the term public offense as it is used throughout section 830.1.
The court, therefore, finds that an infraction constitutes a public offense within the meaning of section 830.1.
Pursuant to section 830.1, subdivision (a)(3), “... Any police officer of a city ... is a peace officer. The authority of any such peace officer extends to any place in the state. ...[11] As to any public offense committed or which there is probable cause to believe has been committed in his presence, and with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of such offense.” (Italics added.)
The People cite Lofthouse v. Department of Motor Vehicles (1981) 124 Cal.App.3d 730 [177 Cal.Rptr. 601] for support of their position that the officer in question acted within the parameters of section 830.1, subdivision (a)(3). In Lofthouse, an officer of the Hawthorne Police Department spotted the defendant driving erratically which caused drivers of other cars to make sudden stops to avoid a collision. At the time, the defendant was westbound on Imperial Boulevard. Imperial Boulevard is the boundary line between the City of Hawthorne and the City of Inglewood, with the westbound portion of the road in the City of Inglewood. The officer pursued the defendant for several blocks and eventually stopped him in the City of Inglewood. At the time of the officer’s observation and subsequent pursuit, the officer was outside his territorial jurisdiction. The court held that the defendant’s arrest was lawful: “... Officer Klawitter undoubtedly had the status of a peace officer at the time of the arrest and his authority extended to any place in the State of California as to any public offense which he had probable cause to believe was committed in his presence and where there existed an immediate danger to persons or property or of the escape of the perpetrator. (Penal Code, Section 830.1.) Each of those enumerated factors was present here. [Defendant] constituted a threat to the safety or property of others and would have escaped apprehension had he been permitted to proceed on his way.” (124 Cal.App.3d 730, 735.)
It is apparently defendant’s contention that Lofthouse is distinguishable because both elements of section 830.1, subdivision (a)(3) were present. Lofthouse’s driving presented a threat to public safety and the possibility that he might escape apprehension. The language of the statute does not require both conditions! As is evident, the statute is written in the disjunctive as opposed to the conjunctive and, therefore under the provisions of section 830.1, subdivision (a)(3) either immediate danger or possibility of escape is sufficient. Unless it can be demonstrated that there is a *Supp. 19 compelling reason why the customary import of statutory language should be disregarded, courts must give effect to the statute’s plain meaning. Tiernan v. Trustees of Cal. State University & Colleges (1982) 33 Cal. 3d 211,218-219 [188 Cal.Rptr. 115, 655 P.2d 317].) No reason has been tendered to this court why the statute should be interpreted as requiring both prongs expressed in section 830.1, subdivision (a)(3) as opposed to one or the other.
The court therefore finds that section 830.1, subdivision (a)(3) is written in the disjunctive with respect to immediate danger to person or property or of the escape of the perpetrator of such offense and that the presence of either or both prongs is sufficient to justify peace officer action under the provisions of section 830.1, subdivision (a)(3).
Under the facts tendered, no persons or property were endangered by defendant’s “wide” right turn. Thus, if the stop is to be found lawful, it must be under the second prong, possibility of escape. Courts have long recognized that vehicles can quickly be moved out of a locality. (Carroll v. United States (1925) 267 U.S. 132 [69 L.Ed. 543, 45 S.Ct. 280].) Since the offense occurred while defendant was driving his car, there was the possibility of escape if the officer did not cite defendant when the officer observed the infraction outside the Clovis City limits.
People v. Bush (1974) 37 Cal.App.3d 952 [112 Cal.Rptr. 770], is instructive but distinguishable with respect to the escape element of section 830.1, subdivision (c).[3] In Bush, an off duty police officer outside his jurisdiction saw a car parked across the sidewalk at the entrance to a high school parking lot. Defendant, Bush, was seated in the driver’s seat, and codefendant, Going, was outside the car. The officer saw Bush hand Going a plastic bag containing a dark green substance which appeared to be marijuana. Going then handed money to Bush. The officer arrested the two men. He had them accompany him to the school office where sheriff’s deputies were called. The trial court granted defendant Bush’s section 995 motion and the People appealed.
The People contended, inter alia, that the officer’s authority as a police officer extended to defendant under section 830.1, subdivision (c) because of the likelihood that he would escape if the officer did not act immediately. With respect to that subdivision, the court concluded that it did not apply. “ ‘As far as (c) is concerned, (c) is an emergency type statute. There was *Supp. 20 certainly no immediate danger to a person or property involved in the transaction which the officer saw. Certainly it can hardly be said on the face of this record that either of the two perpetrators were likely to flee.’’ ” Id. at subdivision 955, italics added. .
As noted in Lofthouse v. Department of Motor Vehicles, supra, 124 Cal.App.3d 730, wherein the defendant was in a vehicle being followed by the officer, the court very pointedly observed that the defendant “... would have escaped apprehension had he been permitted to proceed on his way” (id. at p. 735).
Unlike the Bush case, supra, 37 Cal.App.3d 952, if the Clovis City officer did not detain defendant or was without authority to stop and take appropriate action, defendant would have escaped apprehension. We therefore find that defendant was properly detained by the officer herein and that the officer’s actions subsequent to the stop in conducting a field sobriety test and taking action upon defendant’s failure to pass that test were appropriate.
Since the court finds that the stop was valid under the provisions of section 830.1, subdivision (a)(3) the court does not find it necessary to address the People’s alternate contention that the trial court erred with respect to its determinations concerning whether the Vehicle Code infraction was one for which a private citizen could effect an arrest under section 837.

Can this court take judicial notice of the documents submitted to this court which provide that Clovis City police officers have the authority to act in the city and county of Fresno?

The People attached to their opening brief two notices of consent from the Fresno City Chief of Police and the Fresno County Sheriff which provide City of Clovis police officers with authority to function as peace officers in those jurisdictions pursuant to the provisions of section 830.1, subdivision (a)(2).[4] The notices of consent establish that Officer Duran was authorized to detain defendant, but these documents were not presented at the motion to suppress. The People request that this court take judicial notice of the notices of consent even though they were not presented to the trial court. Evidence Code section 459 sets forth a separate set of rules for the taking of judicial notice by a reviewing court.

Jk.

*Supp. 21 Pursuant to Evidence Code section 459,[5] the court is required to take judicial notice of any matter that the trial court properly noticed or was obliged to notice under section 451 or section 453 of the Evidence Code. In addition, the reviewing court is authorized to take judicial notice of any matter of which a trial court might properly take judicial notice. However, in order for a reviewing court to take judicial notice of documents offered by a party on appeal which were not before the trial court, the reviewing court must afford the other party a reasonable opportunity to indicate to the reviewing court whether it should take judicial notice of such documents. (City and County of San Francisco v. Padilla (1972) 23 Cal.App.3d 388, 394, fn. 1 [100 Cal.Rptr. 223].)
As a general rule, documents not before the trial court cannot be included as part of the record on appeal. Although a reviewing court may take judicial notice of matters not before the trial court, the reviewing court need not give effect to such evidence. While the reviewing court is required to take judicial notice of decisional and statutory law pursuant to section 451 of the Evidence Code, a reviewing court may hold that points not urged in the trial court may not be advanced on appeal. (Doers v. Golden Gate Bridge, etc. Dist. (1979) 23 Cal.3d 180, 184, fn. 1 [151 Cal.Rptr. 837, 588 P.2d 1261].)
In People v. Preslie (1977) 70 Cal.App.3d 486, 493 [138 Cal.Rptr. 828], the Court of Appeal, Fifth Appellate District, stated, “It is manifest that section 451, subdivision (d), by its terms authorized taking judicial notice of records on file in the action before the trial court whether or not they are in evidence in the proceedings and whether or not the trial judge relied upon them. This is, of course, not to say that the appellate court will take judicial notice of such documents or other matters if they have not been presented to the trial court; as a general rule the court should not take such notice if, *Supp. 22 upon examination of the entire record, it appears that the matter has not been presented to and considered by the trial court in the first instance. As the court said in People v. Superior Court (Mahle) (1970) 3 Cal.App.3d 476, 482 footnote 3 [83 Cal.Rptr. 771]: ‘We decline to take judicial notice of these facts on the basis that they are evidentiary matters incident to the motion to suppress which should have been presented to the court below and are not matters of which we are required to take judicial notice. In this proceeding “we are required to determine the matter on the basis of the record of the trial court” [citation] since a proceeding to suppress evidence under section 1538.5 “is one in which a full hearing is held on the issues before the superior court sitting as a finder of fact.” [Citations.]’ ”
At no time in the lower court did the People seek to have the magistrate take judicial notice of the two notices of consent tendered to this court. We should not and decline now to belatedly consider the notices of consent for the purposes the People suggest. To do so would allow the People to create a new theory which defendant had no opportunity to dispute in the lower court and which the magistrate was not given the opportunity to review. This court therefore declines to take judicial notice of the notices of consent tendered by the People.
The court having found that the trial court erred in its determination that the officer had no authority to detain the defendant, the order of suppression is hereby reversed and the matter is remanded to the lower court for proceedings consistent with this court’s opinion.
Mardikian, J., and Dibiaso, J., concurred.

All statutory references are to the Penal Code unless otherwise indicated.

Section 830.1 provides: “(a) Any sheriff, undersheriff, or deputy sheriff, regularly employed and paid as such, of a county, any police officer of a city, any police officer of a district (including police officers of the San Diego Unified Port District Harbor Police) authorized by statute to maintain a police department, any marshal or deputy marshal of a municipal court, any constable or deputy constable, regularly employed and paid as such, of a judicial district, any inspector or investigator regularly employed and paid as such in the office of a district attorney, is a peace officer. The authority of any such peace officer extends to any place in the state: [U] (1) As to any public offense committed or which there is probable cause to believe has been committed within the political subdivision which employs him; or [1Í] (2) Where he has the prior consent of the chief of police, or person authorized by him to give such consent, if the place is within a city or of the sheriff, or person authorized by him to give such consent, if the place is within a county; or [H] (3) As to any public offense committed or which there is probable cause to believe has been committed in his presence, and with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of such offense.
“(b) The Deputy Director, assistant directors, chiefs, assistant chiefs, special agents, and narcotics agents of the Department of Justice, and such investigators who are designated by the Attorney General are peace officers. The authority of any such peace officer extends to any place in the state as to a public offense committed or which there is probable cause to believe has been committed within the state.”

The 1980 amendment of section 830.1 designated the first paragraph as subdivision (a); redesignated items (a) to (c) as subdivisions (a)(1) to (3); and added subdivision (b).
Section 830.1, subdivision (a)(3) is the equivalent of section 830.1, subdivision (c) referred to in People v. Bush, supra.

Section 830.1, subdivision (a)(2) provides “... The authority of any such peace officer extends to any place in the state:... (2) Where he has the prior consent of the chief of police, or person authorized by him to give such consent, if the place is within a city or of the sheriff, or person authorized by him to give such consent, if the place is within a county;...”

Section 459 provides: “(a) The reviewing court shall take judicial notice of (1) each matter properly noticed by the trial court and (2) each matter that the trial court was required to notice under Section 451 or 453. The reviewing court may take judicial notice of any matter specified in Section 452. The reviewing court may take judicial notice of a matter in a tenor different from that noticed by the trial court. [H] (b) In determining the propriety of taking judicial notice of a matter, or the tenor thereof, the reviewing court has the same power as the trial court under Section 454. [H] (c) When taking judicial notice under this section of a matter specified in Section 452 or in subdivision (f) of Section 451 that is of substantial consequence to the determination of the action, the reviewing court shall comply with the provisions of subdivision (a) of Section 455 if the matter was not therefore judicially noticed in the action. [It] (d) In determining the propriety of taking judicial notice of a matter specified in Section 452 or in subdivision (f) of Section 451 that is of substantial consequence to the determination of the action, or the tenor thereof, if the reviewing court resorts to any source of information not received in open court or not included in the record of the action, including the advice of persons learned in the subject matter, the reviewing court shall afford each party reasonable opportunity to meet such information before judicial notice of the matter may be taken.”