**Angelo TROTTER, Plaintiff–Appellant,**

v.

**William T. STONICH, Under–Sheriff, in his official and private capacities; Le-roy Baca, in his official and private capacities; Peter G. Amico, Captain, in his official and private capacities; Mike Ford, Lt., in his official and private capacities; Michael Fujino, # 275833, in his official and private capacities; Marvin Smith, # 281419, Deputy, in his official and private ca-**pacities; **Tracee Edmonds, Lt., # 235019, in her official and private capacities; County of Los Angeles, a public entity, Defendants–Appellees.**

No. 05–56320.

United States Court of Appeals, Ninth Circuit.

Submitted June 7, 2007.[*]

Filed Aug. 17, 2007.

---

[*] This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Derek L. Tabone, Law Offices of Derek L. Tabone, Van Nuys, CA, for Plaintiff–Appellant.

Ronald A. Chavez, Esq., Shan K. Thever, Thever & Associates, Los Angeles, CA, for Defendants–Appellees.

Before: TROTT and RAWLINSON, Circuit Judges, and MURGUIA **, District Judge.

MEMORANDUM ***

In his 42 U.S.C. § 1983 suit, Angelo Trotter sought summary adjudication on his claim that "[b]ecause traffic infractions in California ... are 'civil in nature,' peace officers have no authority 'to make stops, detentions or arrests for alleged civil misconduct.'" The district court denied Trotter's summary adjudication motion, concluding that California police are authorized to stop and arrest suspected offenders. The court thereafter instructed the jury as follows:

A deputy sheriff who has probable cause to believe that a person driving a motor vehicle has committed a traffic infraction may stop the vehicle. Upon demand by a peace officer, the driver of a motor vehicle stopped under such circumstances shall identify himself, and present a license and registration for the vehicle.

The jury returned a verdict in favor of the police defendants. Trotter challenges the district court's denial of his motion for summary adjudication, and the jury instruction. We affirm.

** The Honorable Mary H. Murguia, United States District Judge for the District of Arizona, sitting by designation.

In California, traffic infractions have not been decriminalized. *People v. McKay,* 27 Cal.4th 601, 615 n. 16, 117 Cal.Rptr.2d 236, 41 P.3d 59 (2002); Cal.Penal Code § 16 ("Crimes and public offenses include ... [i]nfractions."). Trotter's claim that stops and arrests for infractions are unconstitutional because no traffic infraction defendant is entitled to a jury trial lacks merit. *See People v. Oppenheimer,* 116 Cal.Rptr. 795, 42 Cal. App.3d Supp. 4, 8–11 (1974) (citing *Duncan v. Louisiana,* 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968), and concluding that a minor traffic infraction is so petty as to not fall within the federal constitutional requirement of a jury trial); *see also United States v. Clavette,* 135 F.3d 1308, 1309–10 (9th Cir.1998) (presumption that jury trial not required for crimes punishable by six months or less). Even if traffic infractions were "civil in nature," for Fourth Amendment purposes, it makes no difference that a traffic violation is deemed "civil" as opposed to "criminal." *See United States v. Choudhry,* 461 F.3d 1097, 1102–1103 (9th Cir.2006) (holding that a mere parking violation justified the investigatory stop of Choudry's vehicle).

Finally, even if we assume that Trotter was placed under custodial arrest when the officers put Trotter in the police car, such an arrest was not improper. *See Pierce v. Multnomah County, Or.,* 76 F.3d 1032, 1041 (9th Cir.1996) ("[I]n order for an arrest to be reasonable for Fourth Amendment purposes the arresting officer must have probable cause and must be authorized by state and or municipal law to effect a custodial arrest for the particular offense.") (citation and internal quotation marks omitted). After Trotter's belligerent outbursts, Deputy Michael Fuhino

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

secured Trotter in the police car and asked him for identification. Trotter refused to produce his driver's license. Under California law, where a driver fails to present his or her driver's license, "an officer has broad discretion to effect a custodial arrest." *McKay,* 27 Cal.4th at 622, 117 Cal. Rptr.2d 236, 41 P.3d 59 (citing Cal. Veh. Code § 40302(a)).

Thus, the district court did not err in denying Trotter's motion for summary adjudication, and the jury instruction recognizing an officer's authority to stop a motorist for a suspected traffic violation was proper.

**AFFIRMED.**

* This disposition is not appropriate for publication and is not precedent except as provided