68 Cal.Rptr.3d 267 (2007)
156 Cal.App.4th Supp. 12
The PEOPLE, Plaintiff and Respondent,
v.
Donald E. LANDIS, Jr., Defendant and Appellant.
No. AP-14864.
Appellate Division, Superior Court, Orange County.
September 12, 2007,
Donald E. Landis, Jr., in pro. per., for Defendant and Appellant.
No appearance by Plaintiff and Respondent.

OPINION
THE COURT.[*]
Appellant appeals his conviction of violation of Vehicle Code section 21453, subdivision (a), failure to stop for a red light. *268 Appellant contends the trial court erroneously denied his Penal Code section 1118.1 motion, on grounds that the peace officer who cited him lacked authority to issue the citation for an infraction committed outside the political subdivision that employed the officer.[1]
This case presents an issue on which this court has found little published authority: whether a police officer may stop and cite a motorist for a minor traffic infraction committed in his or her presence but outside his or her territorial jurisdiction, pursuant to the provision in Penal Code section 830.1, subdivision (a)(3) that an officer's authority extends to any place in the state, "[a]s to any public offense committed ... in the peace officer's presence, and with respect to which there is immediate danger ... of the escape of the perpetrator of the offense."
While we conclude that a literal interpretation of the word "escape" could suggest that an officer's authority is sufficiently broad to encompass the citation at issue herein, we find such an interpretation would allow the statutory exception to swallow the rule that a peace officer's authority is limited to the territorial jurisdiction he or she serves. We therefore reverse the judgment of the trial court.

FACTS AND PROCEEDINGS BELOW
Officer Kha Bao of the Costa Mesa Police Department testified that on June 12, 2006, he was in uniform in a marked patrol vehicle, returning alone from an appearance at the courthouse in Newport Beach to Costa Mesa. He was traveling west-bound on Bristol Street, east of Campus Drive, in an unincorporated area of Santa Ana Heights. While traveling in the No. 3 lane, he observed a white Dodge 4×4 truck traveling in the No. 2 lane approximately 15 feet ahead of him at a speed of approximately 25 miles per hour.
As the truck approached Campus Drive, there were no other vehicles between the truck and the intersection. The officer observed the signal light turn yellow, and saw the truck's brake lights go on as it decelerated. The officer saw the driver look down toward the floor, then look up and accelerate and drive through the intersection without stopping at the marked limit line. The officer was observing the limit line because he intended to stop himself. He saw the light turn red when the truck was approximately five feet from the marked limit line. The truck crossed in an otherwise safe manner, and no other vehicle had to take action to avoid it. Officer Bao activated his patrol lights but did not proceed through the intersection until the light turned green. When he did, he saw that the truck had already pulled over to the side of the road. Officer Bao issued the driver a citation for violation of Vehicle Code section 21453, subdivision (a), and the driver signed a notice to appear.
At the conclusion of Officer Bao's testimony, appellant moved to dismiss on the grounds, inter alia, that Officer Bao was outside his territorial jurisdiction because the alleged violation occurred outside the City of Costa Mesa.[2]
*269 The trial court denied appellant's motion. Concerning the jurisdictional issue, the court said it had "seen written agreements in other kinds of court cases in which Orange County police agencies consent to cross-jurisdictional activity by officers of other agencies," but the court did not take judicial notice of any such agreements or suggest it gave any evidentiary value to any writing not before the court. The court observed that in traffic trials, the court "consistently takes the position that there is no legitimate jurisdictional issue where, as in this case, the Court credits the peace officer's testimony that the violation was observed to have been committed in his or her presence."
Appellant subsequently testified that the traffic signal turned from green to yellow when he was about 10 feet from the intersection. He began to decelerate but, fearing an inability to stop safely in time, he accelerated and drove through the intersection. Appellant further testified the "extended front bumper" of his vehicle crossed the limit line before the light turned red, and he proceeded without incident through the intersection.
The court found appellant guilty of violation of Vehicle Code section 21453, subdivision (a) and imposed the mandatory minimum fine. This appeal followed.

DISCUSSION
Penal Code section 1118 provides:
"In a case tried by the court without a jury, a jury having been waived, the court on motion of the defendant or on its own motion shall order the entry of a judgment of acquittal of one or more of the offenses charged in the accusatory pleading after the evidence of the prosecution has been closed if the court, upon weighing the evidence then before it, finds the defendant not guilty of such offense or offenses. If such a motion for judgment of acquittal at the close of the evidence offered by the prosecution is not granted, the defendant may offer evidence without first having reserved that right."
At issue in this case is whether the prosecution established that Officer Bao had authority to issue the subject citation, given that he is an officer of the Costa Mesa Police Department and that the offense occurred outside the city limits. Determination of the issue rests on interpretation of Penal Code section 830.1, subdivision (a). That statute defines who are peace officers, and goes on to delineate the authority of such officers:
"The authority of ... peace officers extends to any place in the state, as follows:
"(1) As to any public offense committed or which there is probable cause to believe has been committed within the political subdivision that employs the peace officer or in which the peace officer serves.
"(2) Where the peace officer has the prior consent of the chief of police or chief, director, or chief executive officer of a consolidated municipal public safety agency, or person authorized by him or her to give consent, if the place is within a city or of the sheriff, or person authorized by him or her to give consent, if the place is within a county.
"(3) As to any public offense committed or which there is probable cause to believe has been committed in the peace officer's presence, and with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of the *270 offense." (Pen.Code, § 830.1, subd. (a)(1), (2), (3).)
"Public offenses" include infractions. (Pen.Code § 16; People v. Tennessee (1970) 4 Cal.App.3d 788, 791, 84 Cal.Rptr. 697.
While the trial court may have been correct that cities within Orange County have in place consent agreements for cross-jurisdictional activity, absent evidence of such an agreement in this case, there is no basis on which to find Officer Bao had authority to issue the citation pursuant to Penal Code section 830.1, subdivision (a)(2).[3]
We agree with the court in People v. Hamilton (1986) 191 Cal.App.3d Supp. 13, 236 Cal.Rptr. 894 that Penal Code section 830.1, subdivision (a)(3) is written in the disjunctive. That is, an officer may stop and cite a motorist for an infraction committed in his or her presence if the violation poses either an "immediate danger to person or property," or of "escape of the perpetrator of the offense." (Pen.Code, § 830.1, subd. (a)(3).)
Most of the published authority addressing Penal Code section 830.1, subdivision (a)(3) deals with situations in which the offender's driving pattern involved multiple Vehicle Code violations or circumstances suggestive of a more serious offense, such as driving under the influence. For example, in Lofthouse v. Department of Motor Vehicles (1981) 124 Cal.App.3d 730, 733, 177 Cal.Rptr. 601, the appellant's vehicle was observed, "driving erratically, making several lane changes which caused drivers of other vehicles to make sudden stops to avoid collision." In People v. Tennessee, officers observed the appellant's vehicle, "`weaving in long sweeping curves from the center lane to the curb and back again,'" three times over five blocks, in addition to failing to stop for a red light. (People v. Tennessee, supra, 4 Cal.App.3d at p. 790, 84 Cal.Rptr. 697.) Such circumstances clearly demonstrate an immediate danger to persons or property, sufficient to confer authority to stop pursuant to section 830.1, subdivision (a)(3). Thus, under such circumstances, no danger of escape would be necessary to confer statutory jurisdiction.
Hamilton is factually closer to the circumstances presented here. In Hamilton, officers only observed the appellant make a "wide" right turn over double yellow lines, in violation of Vehicle Code section 21460, though subsequent investigation revealed the appellant was under the influence of alcohol. (People v. Hamilton, supra, 191 Cal.App.3d Supp. at pp. 15-16, 236 Cal.Rptr. 894.) The court found that under the facts presented, no persons or property were endangered by the appellant's "wide" right turn, and thus that to find the stop lawful, it must be under the "possibility of escape" prong of Penal Code, section 830.1, subdivision (a)(3). (Hamilton, supra, at p. 19, 236 Cal.Rptr. 894) Similarly here, Officer Bao testified that appellant's vehicle crossed the intersection in an "otherwise safe manner" and that "no vehicles were coming in the cross-direction which would be required to decelerate, brake or stop to avoid the truck" as it crossed the intersection against the red light.
Thus, as in Hamilton, the citation was proper only if there was a danger of "escape of the perpetrator of the offense." (Pen.Code, § 830.1, subd. (a)(3).) It is on this issue that we respectfully disagree with Hamilton. As that court observed, *271 courts have long recognized that vehicles can quickly be moved out of a locality. (People v. Hamilton, supra, 191 Cal. App.3d Supp. at p. 19, 236 Cal.Rptr. 894 citing Carroll v. United States (1925) 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543.) It is also undoubtedly true that a person who commits a traffic infraction while driving will, unless stopped, continue driving and thus "escape" punishment for the offense.[4]
However, we cannot agree with the holding in Hamilton that a danger of escape exists in every case in which a person is driving a motor vehicle, sufficient to confer jurisdiction pursuant to Penal Code section 830.1, subdivision(a)(3). Such a broad reading of the statute would effectively grant every peace officer in the state jurisdiction to stop and cite every motorist, anywhere in the state, for minor Vehicle Code violations, without any subjective assessment of whether such motorist posed a true risk of escape based on the particular circumstances apparent to the officer. Such an expansive interpretation of the term "escape" would allow the exception for extraterritorial jurisdiction based on risk of escape to largely subsume the rule that a peace officer's territorial jurisdiction is limited to the political subdivision in which he or she is employed. Thus, this court finds that the exception conferring jurisdiction in case of an "immediate danger ... of the escape of the perpetrator" (§ 830.1, subd. (a)(3)) is limited to those instances where the officer has particularized cause to believe that the motorist is likely to take action to avoid being detained. Such was clearly not the case here, where appellant immediately and fully complied with the officer's command conveyed by activation of the police unit's overhead lightsto pull over.
In People v. Bush (1974) 37 Cal.App.3d 952,112 Cal.Rptr. 770 (disapproved on other grounds in People v. Zelinski (1979) 24 Cal.3d 357, 155 Cal.Rptr. 575, 594 P.2d 1000), the appellate court stated its agreement with the trial court's analysis that the then-applicable statute, Penal Code section 830.1, subdivision (c), concerned an "`emergency type'" situation. (Bush, supra, at p. 955, 112 Cal.Rptr. 770.)[5] While, as noted in footnote 5, ante, the facts in Bush are distinguishable from those of the instant case, to the extent that Bush stands for the proposition the "escape" exception is limited to "emergency" situations, it supports this court's holding. No emergency was evident here, where appellant committed a simple Vehicle Code violation, pulled over immediately when Officer Bao activated his overhead lights, and made no attempt to escape.
This case is also distinguishable from cases in which jurisdiction was found where a Vehicle Code violation was committed partially within the citing officer's jurisdiction, but the citation was ultimately issued outside his or her jurisdiction, (e.g. People v. Cooper (2002) 101 Cal.App.4th Supp. 1, 125 Cal.Rptr.2d 188.) Here, the *272 violation both began and ended outside the officer's territorial jurisdiction.
Where the authority of an officer to arrest falls outside the statutory provisions, his or her power of arrest when acting beyond the geographic area of his or her authority is the same as that conferred upon a private citizen. (People v. Monson (1972) 28 Cal.App.3d 935, 939-940, 105 Cal.Rptr. 92.) Pursuant to Penal Code section 837, subdivision 1., a private citizen may arrest another for a public offense committed in his (or her) presence. But, "a private person who has arrested another for the commission of [an] offense must, without unnecessary delay, take the person arrested before a magistrate, or deliver him or her to a peace officer." (Pen.Code § 847, subd. (a).) In Lofthouse, the court found an arrest by a Hawthorne police officer for an offense committed on the boundary between Hawthorne and Inglewood could be lawful as a citizen's arrest, where the officer took the offender to the Hawthorne Police Department, in compliance with Penal Code section 847.[6]. (Lofthouse v. Department of Motor Vehicles, supra, 124 Gal.App.3d at p. 735, 177 Cal.Rptr. 601.)
In this case, the citation was not proper as a citizen's arrest because appellant was not taken to a magistrate or other peace officer. Had he wished to do so, Officer Bao could have radioed to other agencies and requested an officer of the appropriate jurisdiction respond and issue the citation. We recognize that such actions might be highly cumbersome, not the best use of police resources, and likely more of an inconvenience to the cited motorist than the circumstances presented here. However, we cannot agree that the more expedient course undertaken by Officer Bao comported with the limitation on his authority set forth in Penal Code section 830.1, subdivision (a)(3).
In sum, we find that under the facts presented, Officer Bao acted in excess of his statutory authority in citing appellant for the violation.

DISPOSITION
The judgment of the trial court is reversed with instructions to dismiss the citation. (People v. Kriss (1979) 96 Cal. App.3d 913, 921,158 Cal.Rptr. 420.)
NOTES
[*] Before CHARLES MARGINES, P.J., and MARY FINGAL SCHULTE, J., and ROBERT J. MOSS, J.
[1] Appellant's brief cites Penal Code section 1118.1. Section 1118.1 applies to jury trials. Because this was a nonjury trial, Penal Code section 1118 would apply. Additionally, although both the brief and engrossed settled statement refer to the motion as a motion to "dismiss," Penal Code section 1118 provides for a motion for judgment of acquittal.
[2] Appellant additionally argued the evidence was insufficient because the officer failed to specifically identify appellant as the person who committed the offense. On appeal, he contends the trial court erred in denying the motion on both grounds, and that the officer's testimony was insufficient to support the conviction. Because we agree with appellant that the officer lacked authority to issue the citation, we find it unnecessary to consider the other issues raised by appellant.
[3] If indeed such agreements exist, this problem can be avoided in the future by having the testifying officer present a copy of any such agreement at the hearing and request that the court take judicial notice of its existence and applicability.
[4] The term "escape" is not defined in the statute. It is thus unclear whether it is limited to situations in which the offender affirmatively attempts to run away from a pursuing officer, or whether it would encompass a situation in which a traffic offender might simply continue driving, perhaps even unaware a Vehicle Code violation has occurred.
[5] In Bush, an off-duty officer outside his jurisdiction observed what appeared to be a marijuana sale transaction between defendant, who was seated in the driver's seat of the car, and another defendant who was standing outside. The court said that on the face of the record it could "`hardly be said'" either perpetrator was "`likely to flee.'" (People v. Bush, supra, 37 Cal.App.3d at p. 955, 112 Cal.Rptr. 770.) The basis for this analysis is not clear and, of course, unlike this case, Bush did not involve a vehicle in motion at the time of the offense.
[6] There, though, the court also found the officer had authority under Penal Code section 830.1 because the motorist "constituted a threat to the safety or property of others and would have escaped apprehension had he been permitted to proceed on his way." (Lofthouse v. Department of Motor Vehicles, supra, 124 Cal.App.3d at p. 735, 177 Cal.Rptr. 601.) Again, however, the motorist in Lofthouse demonstrated a driving pattern more indicative of driving under the influence than the simple Vehicle Code violation at issue in this case.