[Crim. No. 9912.   Second Dist., Div. Four.   Feb. 9, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. PAUL RUSSELL KROUGH, Defendant and Appellant.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

David A. Binder, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, Gilbert F. Nelson and Mitchell Shapiro, Deputy Attorneys General, for Plaintiff and Respondent.

JEFFERSON, J.—Defendant was convicted, after pleading not guilty and waiving a jury trial, on charges, brought in two separate informations, of burglary second degree in violation of Penal Code section 459, and furnishing a minor marijuana in violation of section 11532 of the Health and Safety Code. The cases were tried together before the same judge. Appeal is from the judgments of conviction.

A statement of the substantive facts tending to prove the charges brought against defendant is unnecessary in view of our finding that procedural error in the conduct of the trial requires the reversal of the judgments.

It appears from the record that, prior to the trial, defendant's counsel (the public defender), and counsel for the People, met with the trial judge in the judge's chambers and discussed the facts of defendant's cases. There is nothing in the record to indicate defendant was present during these discussions. Thereafter, in open court, it was stipulated, between counsel for the People and counsel for defendant, that the court could read and consider the transcripts of the preliminary hearings in each case with the same force and effect as though the witnesses who testified in such hearings were deemed to have testified at the trial, and that any evidence received at the preliminary hearings was deemed received at the trial. It was further stipulated that the court could also consider the matters previously discussed with counsel in chambers.

After the transcripts of the preliminary hearing were received in evidence the court asked for the following additional stipulation:

"THE COURT: . . . . . . . . .

"Is it stipulated the Court has been informed fully as to the contents of those transcripts and the Court may decide the case from the information given the Court as to what the

transcripts contain so the Court does not actually need to read the transcripts themselves? Is that so stipulated?'' Counsel agreed to such stipulation. The court then asked ''Is that agreeable to you Mr. Krough [defendant] . . . ?'' To which defendant replied ''Yes.'' No additional evidence was offered by the prosecution. Defendant then testified in his own behalf and the court thereafter rendered its verdicts.

A number of contentions are made by defendant on this appeal. We need discuss only one. Defendant in effect maintains that he was deprived of his right to a fair trial because the court found him guilty, ''based upon an off-the-record discussion with counsel [in chambers] before the trial, at which discussion defendant was not present.''

█ While it is permissible in this state to try a case on the record of the proceedings had at a preliminary hearing when the defendant and counsel agree to such a procedure, it is clear that the trial court, before deciding a case so submitted, *must read and consider* the record as contained in the preliminary transcript. █ Here, the trial judge clearly indicated that he would decide defendant's cases ''from the information given the Court [by Counsel]'', and that he would ''not actually need to read the transcripts themselves.'' Such a galloping administration of justice cannot be permitted. An appellate court, in reviewing a conviction obtained under such procedure, can only speculate as to what evidence the trial court considered in finding a defendant guilty. The fact that, in the matter before us, the preliminary hearing transcripts were introduced into evidence and are now before us, is of no consequence, since the record indicates the transcripts were not considered by the court in arriving at its verdicts. All we know from the record is that the court found defendant guilty based on information presented to the court in an off-the-record discussion with counsel, presumably, in defendant's absence. For this reason the judgments cannot stand.

The judgments of conviction are reversed.

Files, P. J., and Kingsley, J., concurred.