[Crim. No. 9895.   Second Dist., Div. Two.   Oct. 13, 1965.]

THE PEOPLE, Plaintiff and Respondent, v. RALPH BRAVO, Defendant and Appellant.

Robert S. White, under appointment by the District Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, and William E. James, Assistant Attorney General, for Plaintiff and Respondent.

HERNDON, J.—Defendant appeals from the judgment convicting him of possessing heroin for purposes of sale in violation of section 11500.5 of the Health and Safety Code. Appellant was found to have suffered three prior felony convictions including two prior narcotic offenses.

In the court below and upon this appeal counsel for both the People and the defense have treated the judgment herein as a disposition based upon a plea of guilty. Counsel appointed by this court has so indicated in his review of the appeal filed herein. While this treatment undoubtedly is substantially

correct, the record does show the need for a technical modification.

In the trial court, appellant, with the consent of counsel and the prosecuting attorney, offered to, *and did,* plead guilty to the crime of possessing heroin in violation of section 11500 of the Health and Safety Code. Nevertheless, while this plea was apparently accepted by both parties and by the court, a further stipulation was entered into which purported to authorize the court to determine at the time of the probation and sentence hearing whether or not the possession admitted by appellant had been for the purpose of sale. At the indicated hearing, the court, presumably acting upon the material contained in the probation report, "found" appellant guilty of the more serious crime of possession for purposes of sale. We regard this latter action as improper.

Unlike crimes such as burglary and robbery which are divided into degrees, for purposes of punishment, dependent upon the time and manner in which the crime itself was committed (Pen. Code, §§ 211a and 460), or crimes such as statutory rape where the jury is given the power of recommending the punishment (Pen. Code, § 264), sections 11500 and 11500.5 of the Health and Safety Code define two separate and distinct crimes. Obviously, of course, the possession penalized by section 11500 is a lesser offense necessarily included in possession for purposes of sale under section 11500.5.

The elements of the two crimes are different for purposes of establishing the guilt of the accused, and not merely for purposes relating to punishment after guilt has been established. "The corpus delicti of possessing a narcotic for sale is (1) possession of the narcotic by someone, and (2) *possessing it for purposes of sale.* [Citation.]" (*People* v. *Robbins,* 225 Cal.App.2d 177, 183-184 [37 Cal.Rptr. 244].) (Italics added.)

Where the crimes charged are of the type divided into degrees, or in which discretion as to punishment is given to the court or jury, the acceptance of a plea by an accused specifying the degree or the punishment is binding upon the trial court. (Pen. Code, §§ 1192.1 to 1192.4.)

Further, a defendant's offer to plead guilty to a lesser and necessarily included offense, if it is not accepted, or if it is accepted but subsequently is withdrawn, should thereafter be completely disregarded and a full trial should be conducted in which such offer to plead guilty would not be admissible in evidence. (Cf. *People* v. *Quinn,* 61 Cal.2d 551, 554-555 [39

Cal.Rptr. 393, 393 P.2d 705]; *People* v. *Hamilton,* 60 Cal.2d 105, 112-114 [32 Cal.Rptr. 4, 383 P. 412]; *People* v. *Wilson,* 60 Cal.2d 139, 155-156 [32 Cal.Rptr. 44, 383 P.2d 452].) By a parity of reasoning, if such plea to a lesser, necessarily included offense *is accepted and acted upon* by the trial court, it should be binding upon it.

It is clear that appellant's plea of guilty of a violation of section 11500 was accepted in the instant case since the court immediately proceeded to order a probation and sentence report. Section 1191 of the Penal Code expressly provides:

"In the superior court, *after* a plea, finding or verdict of guilty, or *after* a finding or verdict against the defendant on a plea of a former conviction or acquittal, or once in jeopardy, the court must appoint a time for pronouncing judgment, which must be within 21 days *after* the verdict, finding or plea of guilty, during which time the court *shall refer the case to the probation officer for a report* if eligible to probation and pursuant to Section 1203 of this code; . . ." (Italics added.)

Upon the acceptance of appellant's plea herein, together with the indicated stipulation, the trial court ordered a "probation report" and set a date for "probation, hearing and *sentence.*" It is indeed most difficult to envisage a date being set for *sentencing* if an accused still stood presumably innocent and unconvicted of any crime. Certainly no statutory authority exists for ordering a probation[1] report prior to conviction and certainly not one that may serve as the equivalent of a transcript of a "trial" to be conducted contemporaneously with a defendant's sentencing.

In addition to the fact that such a "trial" would deprive the accused of his right to face his accusors and subject them to cross-examination, a probation report ordinarily contains hearsay evidence taken in the defendant's absence as well as the conclusions of the probation officer regarding the defendant's general character based upon information regarding past crimes, arrest records, prior probation reports, biographical material, etc.

We need not decide whether such a "trial" necessarily would constitute an inherent denial of due process in every instance in order to hold that it would require far more in the

---

[1] We refer here, of course to a report prepared by the probation department for use by the court at the time of sentencing and making a recommendation for or against the granting of probation, and not to reports that may be prepared by the probation department at the court's direction for other purposes. (Cf. Code Civ. Proc., § 131.3; also Welf. & Inst. Code, §§ 604, 706, 707.)

way of suitable explanation to the accused as to his rights and of a showing of his understanding of the effect of his actions in waiving these rights and in accepting such a "trial" than are shown by the record here before us. (Cf. *People* v. *Krough,* 232 Cal.App.2d 150, 152 [42 Cal.Rptr. 614] ; *People* v. *Montoya,* 235 Cal.App.2d 789, 795 [43 Cal.Rptr. 572] ; *People* v. *Kirchner,* 233 Cal.App.2d 83, 89-90 [43 Cal.Rptr. 218].)

We therefore treat this appeal as one taken from a judgment on a plea of guilty but we correct the judgment to reflect the fact that the appellant's conviction was for a violation of section 11500 of the Health and Safety Code, a lesser offense necessarily included within the crime defined in section 11500.5 with which he was charged in the information filed against him.

As thus modified, the judgment is affirmed.

Roth, P. J., and Fleming, J., concurred.