Oscar **BUTLER**, Jr., Petitioner-Appellant,

v.

Lawrence E. **WILSON**, Warden, California State Prison, San Quentin, California, Respondent-Appellee.

No. 20540.

United States Court of Appeals
Ninth Circuit.

Aug. 24, 1966.

Oscar Butler, in pro. per.

Thomas C. Lynch, Atty. Gen., Robert R. Granucci, Deputy Atty. Gen., Michael R. Marron, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before POPE, BARNES and ELY, Circuit Judges.

POPE, Circuit Judge.

Butler a state prisoner, in the custody of the appellee Warden, serving a sentence imposed by a California State court for the conviction of a charge of posses-sion of heroin, sought habeas corpus in the United States District Court for the Northern District of California. He had made a belated attempt to appeal his original conviction but failed to file notice of appeal within the time required by the California rules relating thereto. However, he did petition the California District Court of Appeal and the California Supreme Court for writs of habeas corpus, which petitions were denied.

Butler asserts that police officers on January 20, 1961, entered his house while he was present. He did not consent to their entry. They took Butler in custody pursuant to a warrant based upon a charge of a traffic violation. While the officers were leaving the house with appellant they noticed a package asserted to be heroin outfit containing heroin and a hypodermic needle. They asked Butler about these things and he admitted that they were his.

Butler asserts that at the time he made this admission he was not advised by the officers of his right to counsel or his right to remain silent or that any statement made by him could be used in court against him. He asserts that since this admission on his part was received in evidence he was denied his constitutional rights as defined in Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977.

The contents of the package which the officers found in his house at the time mentioned were also received in evidence at the preliminary hearing upon the charge made against him. He asserts that receipt of that evidence was error because the evidence was the product of an illegal search and seizure.

At the time of his trial before a Judge sitting without a jury, his privately employed counsel stipulated that the cause could be heard and determined by the court upon the basis of the evidence received at the preliminary hearing. Accordingly the court heard and decided the case upon the record of that testimony. Appellant asserts that this was a violation of his constitutional rights to confront the witnesses against him and

to cross-examine them and he relies upon the case of Pointer v. State of Texas, 380 U.S. 400, 403, 85 S.Ct. 1065, 13 L.Ed.2d 923.

▮ With respect to appellant's assertion that the evidence of his admissions to the police officers was received at the preliminary hearing in violation of the rule in Escobedo v. State of Illinois, supra, and with respect to his claim that the articles then taken by the officers during an unlawful search of his house should not have been received because of the rule in Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081, it is plain that the appellant has no standing to urge that the decisions in those cases apply here. Appellant was sentenced by judgment entered on May 31, 1961.[1] No appeal was taken within the time required by law of California and his later petitions for belated appeal were denied by the California courts. The judgment against the appellant became final at the time of the judgment of conviction. It is therefore clear that appellant cannot rely upon the rule of Mapp, the decision in which was announced on June 19, 1961, after appellant's conviction had become final. Linkletter v. Walker, 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601. For a like reason, appellant cannot rely on the rule of Escobedo v. State of Illinois, supra, which also has no retroactive operation. Johnson v. State of New Jersey, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882, June 20, 1966.

▮ With respect to appellant's reliance upon the rule of Pointer v. State of Texas, supra, that he was denied the fundamental right to confront and cross-examine witnesses against him, it is plain from a reading of that case that appellant cannot rely upon it for relief here. In the Pointer case, the Court made it plain that where, as here, a petitioner had been represented by counsel at the preliminary hearing, where there had been opportunity to cross-examine, the rule there announced would not apply. Counsel who represented Butler at the trial had also appeared for him at the preliminary hearing and hence the right to confront and cross-examine witnesses against Butler had been afforded him. In Pointer v. State of Texas, supra, the Court noted that such would be the situation in a case of this kind, in the following language: "The case before us would be quite a different one had Phillips' statement been taken at a full-fledged hearing at which petitioner had been represented by counsel who had been given a complete and adequate opportunity to cross-examine. * * * There are other analogous situations which might not fall within the scope of the constitutional rule requiring confrontation of witnesses." (380 U.S. p. 407, 85 S.Ct. p. 1070)

We hold therefore that the court below correctly dismissed the appellant's application for writ of habeas corpus and the judgment is affirmed.

---

1. Upon this conviction the court placed appellant on probation. On December 31, 1963, this probation was revoked and appellant sentenced to state prison for the term prescribed by law.