Ralph **BRAVO**, A–19801–C, Petitioner,

v.

Walter E. **CRAVEN**, Warden, **Respondent**.
No. 69–799.

United States District Court,
C. D. California.
Aug. 20, 1969.

**MEMORANDUM AND ORDER DENY-ING PETITION FOR WRIT OF HABEAS CORPUS**

PREGERSON, District Judge.

This petition for a writ of habeas corpus was filed on April 25, 1969. Respondent filed a Response to the Court's Order to Show Cause, and petitioner filed a Traverse to the Response.

Petitioner is presently in the custody of respondent serving a sentence of fifteen (15) years to life for violation of California Health and Safety Code § 11500 with three prior convictions. He attacks the sentence on the following

grounds: (1) he was found guilty without a trial by jury and without an opportunity to confront the witnesses against him, in violation of his rights under the Sixth and Fourteenth Amendments to the United States Constitution; (2) the California District Court of Appeal abused its discretion and acted without authority in modifying the judgment of the trial court rather than reversing and remanding the case.

These same grounds have been presented to the California courts, including the California Supreme Court, on appeal. Therefore petitioner has exhausted his available State remedies and satisfied the requirements of 28 U.S.C. § 2254. Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837 (1963).

Petitioner was charged by an information with violation of California Health and Safety Code § 11500.5 (possession of heroin for sale). The information originally did not charge petitioner with any prior convictions. It was amended pursuant to California Penal Code §§ 969a, 969½ to charge petitioner with three prior felony convictions.

On January 21, 1964 petitioner, with the concurrence of his attorney, waived his right to trial by jury and pled guilty to a violation of California Health and Safety Code § 11500 (possession of heroin). He also stipulated that the trial court could determine whether his possession of heroin was possession for sale, in violation of California Health and Safety Code § 11500.5, and whether the alleged prior convictions were true, on the basis of the probation report and any other matters that either council desired to submit. Respondent's Exhibits, p. 36.

A probation report was filed on February 6, 1964, in which it was indicated that the alleged prior convictions were true. The probation report also described the circumstances surrounding petitioner's arrest.

On February 13, 1964 the trial court found, on the basis of the probation report, that petitioner was guilty of violating California Health and Safety Code § 11500.5 and that the alleged priors were true. Neither petitioner nor his attorney interposed any objection.

Petitioner appealed. In People v. Bravo, 237 Cal.App.2d 459, 46 Cal.Rptr. 921 (1965), the California District Court of Appeal modified the judgment so that petitioner was convicted of violating California Health and Safety Code § 11500 rather than California Health and Safety Code § 11500.5. The Court of Appeal stated that once the trial court accepted petitioner's guilty plea to violating Section 11500, a lesser and included offense to Section 11500.5, it could not thereafter try and convict petitioner of violating Section 11500.5.

■ Petitioner contends that it was improper for the trial court to determine the truth of the alleged prior convictions on the basis of the probation report. The Court of Appeal unfortunately did not discuss the validity of the trial court's determination on the prior convictions. Under California law, a defendant is entitled to trial by jury to determine whether he has suffered prior convictions, just as he is entitled to a trial by jury to determine whether he has violated the law as charged in the information. California Penal Code § 969½. Upon first glance the language used by the Court of Appeal seems to imply that a probation report could not be used in lieu of a trial, on any matter where the Sixth Amendment applies:

"In addition to the fact that such a 'trial' would deprive the accused of his right to face his accusors and subject them to cross-examination, a probation report ordinarily contains hearsay evidence taken in the defendant's absence as well as the conclusions of the probation officer regarding the defendant's general character based upon information regarding past crimes, arrest records, prior probation reports, biographical material, etc.

We need not decide whether such a 'trial' necessarily would constitute an

inherent denial of due process in every instance in order to hold that it would require far more in the way of suitable explanation to the accused as to his rights and of a showing of his understanding of the effect of his actions in waiving these rights and in accepting such a 'trial' than are [sic.] shown by the record here before us." 237 Cal.

App.2d at 462–463, 46 Cal.Rptr. at 923. But it is unlikely that the Court of Appeal would hold it improper to use a probation report in order to determine the truth of the prior convictions. Although a probation report contains hearsay and does not provide for cross-examination, it is admissible evidence where both sides stipulate that it may be considered by the trier of fact. Exley v. Exley, 101 Cal. App.2d 831, 226 P.2d 662 (1951) (stipulation to consider probation report as evidence held proper and binding); Butler v. Wilson, 365 F.2d 308 (9th Cir. 1966) (stipulation that preliminary hearing transcript be used in lieu of trial not a violation of Sixth Amendment).

■ People v. Bravo, *supra*, therefore appears to hold only that once a court accepts a plea of guilty to a lesser and included offense, it implicitly and statutorily acquits the defendant of the greater offense, and the court cannot thereafter try the defendant on the greater offense. See California Penal Code §§ 1192.2–1192.4. This rule does not apply to a determination on the truth of prior convictions, however, because California Penal Code § 969½ expressly provides for a determination on prior convictions after a plea of guilty has been accepted.

■ Therefore the trial court did not commit error in deciding the prior convictions on the basis of the probation report. Petitioner's stipulation to the use of the probation report and his failure to object to the probation report before the trial court rendered its decision, constituted a waiver of petitioner's rights to a jury trial and confrontation of witnesses. *Cf.* Butler v. Wilson, *supra.*

■ Petitioner also contends that the trial court rejected his guilty plea to Section 11500 when it thereafter found him guilty of violating Section 11500.5, and that there is therefore no basis for his conviction under Section 11500. This argument is not supported by the record, however. As the Court of Appeal noted, the trial court accepted rather than rejected petitioner's plea of guilty to violating Section 11500. Otherwise the conviction for violating Section 11500.5 would have been valid. See California Penal Code §§ 1192.2–1192.4. Therefore petitioner's conviction rests upon his plea of guilty, which he made on January 21, 1964 and which was accepted and binding.

■ The Court of Appeal did not abuse its discretion in failing to remand the case. The sentence imposed by the trial court was the minimum term for a conviction under Section 11500.5 with two prior narcotics convictions. A conviction under Section 11500 with two prior narcotic convictions carries the same minimum sentence. Therefore there was no need to remand the case for further sentencing. Nor was it necessary to remand the case for taking another plea, for petitioner's plea of guilty to violating Section 11500 was accepted and binding. It was for this reason that the Court of Appeal held the conviction under Section 11500.5 invalid.

■ The petition contains statements which imply that petitioner's plea of guilty and his stipulation to the use of the probation report were not knowingly and understandingly made. There are also some statements raising the issue of ineffective assistance of counsel. These matters have not been adequately presented to the State courts. Therefore this Court will not deal with them unless available State remedies have been exhausted. Schiers v. California, 333 F.2d 173 (9th Cir. 1964).

The petition does not state facts sufficient to form the basis for federal habeas corpus relief.

**158**

It is ordered that this petition for a writ of habeas corpus is denied and the petition is dismissed.

It is further ordered that the Clerk of the Court shall serve copies of this Memorandum and Order, by United States mail, upon the parties appearing in this cause.