[Crim. No. 17446. Second Dist., Div. Five. Apr. 27, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
ALFONSO ALDAPA, Defendant and Appellant.

## COUNSEL

Manuel Valenzuela for Defendant and Appellant.

Thomas C. Lynch and Evelle J. Younger, Attorneys General, William E. James, Assistant Attorney General, and Geoffrey S. Cantrell, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**STEPHENS, Acting P. J.**—By information, defendant was charged with possession of heroin for sale, a felony, in violation of Health and Safety Code section 11500.5. A prior felony conviction for violation of Health and Safety Code section 11500 was also alleged. Defendant's motions under Penal Code sections 995 and 1538.5 were denied, as were his motions to disclose the identity of the informants and to strike testimony. Defendant pleaded not guilty, denied the prior, and waived trial by jury. He was found guilty as charged, the allegation of his prior conviction was found to be true, and he was sentenced to state prison for the term prescribed by law. He appeals from the judgment.

In May 1968 and up to the date of defendant's arrest, Los Angeles Police Officer Cody of the Narcotics Division received information from three untested informants and from one reliable informant who had informed on four other occasions, as well as from two Los Angeles City police officers, to the effect that defendant and his wife were selling narcotics at 3622 City Terrace Drive, which was located outside the City, but within the County, of Los Angeles, in the section of "East Los Angeles"; that, to forewarn him, defendant had dogs on the premises that would bark upon anyone's approach. Acting on this information (and knowing that the location was not within city police authority in the absence of the county sheriff's consent), Officer Cody and other city police officers conducted surveillances of the premises, each lasting for varying periods up to 30 minutes, which revealed that some six to eight people entered and left the premises within that time. On August 13, 1968, the last day

of the surveillance and the date of the arrest, Officer Cody observed defendant, his wife and another male companion arrive and enter the premises. Shortly thereafter, he observed the male companion emerge from the house carrying two bags or packages, get into a vehicle, and drive away. At this time, Officer Cody and three other officers positioned themselves at the front of the house and the remaining three officers, in the rear. Their purpose was to arrest defendant. As the officers approached the front of the house, the two dogs began to bark at them, and the door was opened by an unknown individual. Officer Cody identified himself to this person by stating, "Police Officers, this is a narcotic investigation," or "this is a narcotic arrest." Officer Cody then heard what sounded to him like running footsteps from within the house. He went through the front door, and found himself in an "anteroom." He then proceeded through the anteroom into another room, where he saw defendant going towards the kitchen. The officer yelled at defendant, who thereupon stopped, and defendant was arrested. Officer Cody examined a bag which defendant had placed on the table when he stopped, and found that it contained a substance resembling heroin. The police officers had neither a search warrant nor a warrant for defendant's arrest.

■ We do not reach certain of defendant's contentions on appeal since we agree with his contention that the officers illegally arrested defendant by acting outside their area of jurisdiction. There is undisputed testimony that the officers from the City of Los Angeles were acting outside the city limits. Therefore, for the arrest to be legal, these officers must come within the provisions of Penal Code section 817 as in effect at the time of arrest.[1] Penal Code section 817 as of the date of the arrest provided, in essence, that a city policeman may make an arrest outside the city limits if he has prior consent of the sheriff or a person authorized by the sheriff to give consent. A careful check of the record shows that no proof of prior authorization was made at the trial. The only time that any evidence was offered concerning the sheriff's consent, the defendant objected to its introduction on the ground that it was hearsay. The prosecution then stated that it was being offered only on the issue of probable

---

[1]Penal Code section 817 as amended in 1967, in pertinent part, provides: "The authority of a police officer extends to any place in the state (a) as to a public offense committed or which there is probable cause to believe has been committed within the political subdivision that employs him or (b) if he has the prior consent of the chief of police or person authorized by him to give such consent if the place is within a city or the sheriff or person authorized by him to give such consent if the place is within a county."

Penal Code section 817 was repealed effective November 13, 1968. Penal Code section 830.1 was substituted therefor. We are not called upon to apply the later section, for its effective date is subsequent to the arrest in the instant action.

cause, and the court admitted it for that purpose only. This court is therefore precluded from using this testimony as evidence of consent.

■ Since the officers did not fall within the provisions of section 817, their power to arrest when acting beyond the limits of the geographic area under their authority would be that conferred upon a private citizen in the same circumstances. (*People* v. *Califano,* 5 Cal.App.3d 476, 484 [85 Cal.Rptr. 292]; *People* v. *Martin,* 225 Cal.App.2d 91, 94 [36 Cal.Rptr. 924].) The authority for a private citizen to make an arrest is provided by Penal Code section 837: "A private person may arrest another: 1. For a public offense committed or attempted in his presence. 2. When the person arrested has committed a felony, although not in his presence. 3. When a felony has been in fact committed, and he has reasonable cause for believing the person arrested to have committed it." Justification for the arrest is suggested under the third provision, the situation not coming within the first or second provision of the statute. (The second provision does not appear to be applicable since there was no evidence introduced as to the past occurrence of a felony. Also, the only testimony concerning a past sale of heroin was introduced on the issue of probable cause.)

■ Considering the third provision of the statute, the question becomes one of its interpretation. For there to be a valid arrest by a private citizen under Penal Code section 837, subdivision 3, the requirement that there in fact be a felony committed can only be met if there is evidence of the corpus delicti and it is an offense known by the arresting party to have been committed. (*People* v. *Martin, supra* (p. 94): "A private citizen, unlike a peace officer, may not arrest whenever he has reasonable cause to believe that the person to be arrested has committed a public offense in his presence, or whenever he has reasonable cause to believe that such person has committed a felony, whether or not a felony has in fact been committed.") ■ The corpus delicti for possession of narcotics for sale is (1) possession and (2) possession for purposes of sale. (*People* v. *Allen,* 254 Cal.App.2d 597, 602 [62 Cal.Rptr. 235]; *People* v. *Bravo,* 237 Cal.App.2d 459, 461 [46 Cal.Rptr. 921]; *People* v. *Robbins,* 225 Cal. App.2d 177, 183-184 [37 Cal.Rptr. 244].) ■ At the trial, the only evidence offered to show possession of heroin was the heroin found *after* defendant was arrested. There is no way that the evidence relative to the commission of the instant crime can be raised to the stature of evidence of the corpus delicti of an offense "having been committed" and the arresting person having had *actual knowledge* of its having been perpetrated. Since there was no evidence, prior to the arrest, of a corpus delicti of the crime charged, the arrest based upon that of a "private citizen" must be declared invalid. The evidence seized as the result of an invalid arrest is inadmissible.

(*Wong Sun* v. *United States,* 371 U.S. 471, 484-485 [9 L.Ed.2d 441, 452-454, 83 S.Ct. 407]; *Mapp* v. *Ohio,* 367 U.S. 643, 655 [6 L.Ed.2d 1081, 1089-1090, 81 S.Ct. 1684]; *People* v. *Sesslin,* 68 Cal.2d 418, 426-427 [67 Cal.Rptr. 409, 439 P.2d 321].)

The judgment is reversed.

Aiso, J., and Reppy, J., concurred.

A petition for a rehearing was denied May 14, 1971, and respondent's petition for a hearing by the Supreme Court was denied June 23, 1971. McComb, J., and Burke, J., were of the opinion that the petition should be granted.