[No. B025267. Second Dist., Div. Five. Mar. 10, 1987.]

THE PEOPLE, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
GEORGE BRIDGETTE, Real Party in Interest.

COUNSEL

Ira Reiner, District Attorney, Donald J. Kaplan and Maurice H. Oppenheim, Deputy District Attorneys, for Petitioner.

No appearance for Respondent.

White & Lasting, Michael V. White, Fischer & Multhaup and Dennis A. Fischer for Real Party in Interest.

OPINION

FEINERMAN, P. J.—Defendant George Bridgette is awaiting trial on four counts of murder (Pen. Code, § 187) and one count of attempted murder (Pen. Code, §§ 664/187). In this petition for writ of mandate, the People challenge a ruling by the superior court which precludes them from seeking the death penalty. We grant the petition.

At the hearing before the respondent court, counsel stipulated that the "alleged" facts of the case were as follows:

On September 4, 1977, defendant Bridgette, Willie Thomas and James Cade entered the residence of Pamela Cade and her family around 10 a.m. Defendant, the last to enter, was armed with a shotgun; Thomas had a handgun and Cade had a knife. Defendant closed the door and pulled down the shades. Defendant, Cade and Thomas indicated that they were after "the man who had cut Elvis."

Shortly thereafter, defendant shot Larry Evans in the leg, but the wound was not life threatening. Defendant then turned his weapon on Cristal Baxter and shot her in the back of the head, killing her. Thomas then killed Pamela Cade with a gunshot wound to the head, after which he picked up two-year-old Shawan Cade and shot and killed her. Cade then urged Thomas to "shoot the bitch," referring to Carolyn Ferguson. Thomas shot Ferguson in the head but did not kill her. At some time during these events, Cade stabbed the already wounded Larry Evans eight times and killed him.[1]

Thomas and Cade were tried in 1978 and sentenced to life in prison without the possibility of parole after the jury deadlocked in the penalty phase of the trial. Defendant, having fled the state, was not tried with Thomas and Cade. Defendant was arrested in Florida in 1984.

Defendant moved the respondent court for an order pursuant to Penal Code section 1385[2] to bar the People from seeking the death penalty, because both Thomas and Cade had received life in prison without the possibility of parole. The respondent court granted the motion, "for equal protection

---

[1]The record does not indicate James Cade's relationship to victims Pamela and Shawan Cade.

[2]Section 1385 provides in pertinent part: "The judge or magistrate may, either of his own motion or upon the application of the prosecuting attorney, and in furtherance of justice, order an action to be dismissed. The reasons for the dismissal must be set forth in an order entered upon the minutes. No dismissal shall be made for any cause which would be ground of demurrer to the accusatory pleading." Our Supreme Court has interpreted section 1385 to permit a sentencing judge to strike enhancement or other special allegations in furtherance of justice. (*People* v. *Marsh* (1984) 36 Cal.3d 134 [202 Cal.Rptr. 92, 679 P.2d 1033].)

reasons and pursuant to Penal Code section 1385," noting that based upon the stipulated "alleged" facts, defendant was no more culpable than Cade and Thomas, who had been spared the "ultimate penalty."

 The People correctly contend that the respondent court exceeded its jurisdiction and deprived them of their right to a jury trial on the appropriate penalty for defendant, should he be convicted.

Penal Code section 1385 has been interpreted to permit a trial judge to strike special circumstance findings which could lead to imposition of the death penalty. (*People* v. *Marsh, supra,* 36 Cal.3d 134; *People* v. *Williams,* (1981) 30 Cal.3d 470 [179 Cal.Rptr. 443, 637 P.2d 1029].) However, as defendant concedes in his opposition to the within petition, there is no California statutory or case law to the effect that a trial court may, while leaving such special circumstance allegations intact, make a *pretrial* ruling which places a limit on the ultimate punishment to be imposed should the prosecution result in a conviction.[3] Defendant contends that the authority to make such a ruling is a logical extension of the general powers conferred upon the trial court by Penal Code section 1385. We disagree, and decline to place that interpretation upon section 1385.

 This brings us to the issue of whether the respondent court's ruling is supportable on equal protection grounds. We hold that it is not.

██ ██ A defendant is not denied equal protection of the law simply because he is convicted while a codefendant is not (*Harris* v. *Rivera* (1981) 454 U.S. 339 [70 L.Ed.2d 530, 102 S.Ct. 460]), or because a codefendant is convicted of a lesser offense. (*People* v. *Ferrell* (1972) 25 Cal.App.3d 970 [102 Cal.Rptr. 372].) Rather, the pivotal issue is whether the defendant is singled out for disproportionate treatment (*Gregg* v. *Georgia,* (1976) 428 U.S. 153 [49 L.Ed.2d 859, 96 S.Ct. 2909]), and that has not occurred here. The People have been consistent in seeking the death penalty not only against defendant, but against Thomas and Cade as well. The People have therefore performed their part of the bargain. Whether that penalty is ultimately imposed upon defendant depends upon the evidence presented to the trier of fact during the penalty phase of his trial. (See Pen. Code, § 190.3.) Because the trier of fact is entitled to consider "any matter relevant to aggravation, mitigation, and sentence," the evidence presented at defendant's penalty phase could differ from the evidence presented against Thomas and Cade at the penalty phase of their trial. For that reason, the appropriate penalty for defendant must be determined by the trier of fact at the penalty phase

---

[3]Penal Code section 190.4, subdivision (e), empowers a trial judge to independently determine the propriety of a death penalty *verdict.*

(should the proceeding reach that point), and not in a pretrial ruling before the guilt phase.

In this case, the respondent court's jurisdiction was limited to (a) striking the special circumstance allegation (which was not a viable option under the facts of the case) and (b) determining whether or not defendant was the object of discriminatory prosecution (which he was not). The court therefore exceeded its jurisdiction here.

Let a peremptory writ of mandate issue directing the respondent court to vacate its order of January 12, 1987, granting defendant's "Motion to Strike the Death Penalty," and enter a new and different order denying said motion, in that matter entitled People of the State of California v. George Bridgette, Los Angeles Superior Court case No. A-018108.

Ashby, J., and Hastings, J., concurred.

A petition for a rehearing was denied March 31, 1987, and the petition of real party in interest for review by the Supreme Court was denied June 18, 1987. Eagleson, J., did not participate therein. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.