Opinion
CHOATE, J.
We hold that whenever radar is used in conjunction with the enforcement of a posted speed limit on a nonlocal roadway,[1] the speed trap laws are invoked, giving rise to the need for a current engineering and traffic survey that justifies the posted speed. Absent the survey, we conclude that the officer is incompetent to testify as to the speed of the defendant’s vehicle, even if his testimony is confined to his visual determination of that speed.
Facts
Officer Bivens of the City of Orange Police Department testified that he visually estimated defendant Michael A. Conzelman’s speed as exceeding the posted 35-mile-per-hour speed limit before using his hand-held radar unit. The defendant objected to further testimony as to his speed because Officer Bivens had not produced either the original or a copy of the engineering and traffic survey for the relevant portion of Tustin Avenue. Officer Bivens thereafter testified that he issued the citation to the defendant based on his independent determination of the defendant’s speed, not on his use of the hand-held radar unit. He stated that, based on the knowledge from his many years of experience as a police officer, he was able to determine by observation that the defendant’s speed was 51 miles per hour. The defendant was convicted of violating Vehicle Code section 22350.[2]
Discussion
This is the classic speed trap prosecution: The citing officer had used a hand-held radar unit to enforce a posted speed limit and subsequently issued a speed citation. At trial, the People did not demonstrate that the posted speed limit was justified by a current engineering and traffic survey as required by Vehicle Code sections 40802, subdivision (b) and 40803, subdivision (b).
In support of the judgment, the People argue that the speed trap laws (Veh. Code, §§ 40801-40808) do not apply to this prosecution, since the trial *Supp. 9 court found the defendant guilty of driving at 51 miles per hour in a 35-mile-per-hour zone derived only from Officer Bevins’s visually based opinion of defendant’s speed.
Vehicle Code sections 40801-40808 illustrate the Legislature’s antipathy toward speed traps (see People v. Sullivan (1991) 234 Cal.App.3d 56, 58-59 [285 Cal.Rptr. 553] and, in view of that disapproval, it seems inappropriate for the People to assert that the enforcement provisions of the speed trap laws can be avoided so long as the citing officer testifies that he visually estimated a speed in excess of the posted limit—even where there is no question that radar was being used to enforce a posted speed limit and even where the People do not demonstrate that the posted speed limit is justified by a current traffic and engineering survey.
Such an argument is inconsistent with the plain language of the statutes. Vehicle Code section 40801 provides that “. . . nor shall any speed trap be used in securing evidence as to the speed of any vehicle for the purpose of an arrest or prosecution under this code.” Vehicle Code section 40802, subdivision (b) defines a “speed trap” as a section of roadway where enforcement of a prima facie speed limit that is not justified by a current traffic and engineering survey “involves the use of radar.” Vehicle Code section 40803, subdivision (a) prohibits the admission, in a prosecution for speeding, of any “evidence as to the speed of a vehicle . . . when the evidence is based upon or obtained from or by the maintenance or use of a speedtrap.” Vehicle Code section 40803, subdivision (b) requires the People to establish, as part of their prima facie case, that the testimony or evidence presented in the prosecution of a speeding offense is not based upon a speed trap where enforcement “involves the use of radar.” Vehicle Code section 40804, subdivision (a) makes a witness incompetent to testify in a speeding prosecution “if the testimony is based upon or obtained from or by the maintenance or use of a speed trap.”
We conclude that a speed trap is “maintained or used” and radar is “involved” when an officer monitors traffic in a posted speed zone with a radar unit and the posted speed is not justified by a valid traffic survey. The speed trap does not disappear whenever that officer makes a visual estimate of a vehicle’s speed. It would not make sense if all the legislative restrictions of the speed trap laws could be avoided so long as the officer using the radar could testify that he visually estimated a vehicle’s speed before citing the driver for exceeding a posted speed limit, notwithstanding the involvement of the radar speed detectors.
In People v. Goulet (1992) 13 Cal.App.4th Supp. 1 [17 Cal.Rptr.2d 801], the citing officer testified that he visually estimated Ms. Goulet’s speed at 50 *Supp. 10 to 55 miles per hom: and testified that his radar unit established her speed as 52 miles per hour. Concluding that the speed trap laws applied whenever a posted speed limit was enforced with radar, even where there was an independent visual observation of a defendant’s speed, the Goulet court said, at Supplement pages 6-7: “We are aware that, in unpublished decisions, other panels of this appellate department have distinguished [People v. Halopoff (1976) 60 Cal.App.3d Supp. 1 (131 Cal.Rptr. 531) and People v. Sterritt (1976) 65 Cal.App.3d Supp. 1 (135 Cal.Rptr. 522)] on that basis. We conclude that such a distinction is in error. Sections 40802, subdivision (b) and 40803, subdivision (b) both apply ‘where enforcement involves the use of radar.’ (Italics added.) These sections do not say that they apply only where enforcement is exclusively based on the use of radar.” (Italics in original.)
An opinion from the Appellate Department of the Ventura Superior Court is not binding in Orange County (People v. Corners (1985) 176 Cal.App.3d 139, 146 [122 Cal.Rptr. 387]; also see 9 Witkin, Cal. Procedure (3d ed. 1985) Appeal § 777, p. 747). However, we agree with the Goulet court’s reasoning.
In the present case, radar was involved in the enforcement of a posted speed limit and the People failed to demonstrate that the posted speed limit was justified by a current traffic and engineering survey. (Veh. Code, §§ 40802, subd. (b) & 40803, subd. (b).) Officer Bevins was therefore incompetent to testify as to appellant’s speed. (Veh. Code, § 40804, subd. (b).)
Disposition
The judgment is reversed.
McDonald, Acting P. J., and Watson, J.,* concurred.

Vehicle Code section 40802, subdivision (b), which defines a “speed trap,” does not apply to “local streets and roads.”

“No person shall drive a vehicle upon a highway at a speed greater than is reasonable or prudent having due regard for weather, visibility, the traffic on, and the surface and width of, the highway, and in no event at a speed which endangers the safety of persons or property.”

Judge of the Orange Superior Court sitting under assignment by the Chairperson of the Judicial Council.