*Supp. 4 Opinion
KRIEGLER, Acting P. J.
Defendant Robert Cooper (hereinafter appellant) appeals from his conviction of violating Vehicle Code section 22350 (unsafe speed for prevailing conditions).
On December 19, 2000, appellant was issued a citation for violating Vehicle Code section 22350. Following a court trial, appellant was convicted of the charged offense. This timely appeal follows. On appeal, appellant asserts the following contentions.
1. The trial court committed reversible error by violating appellant’s statutory right to a trial by declaration.
2. Appellant was denied equal protection under the law because the officer admitted that everyone drives two or three times the posted speed limit.
3. The officer’s admission that he lacked territorial jurisdiction in Beverly Hills precludes appellant’s conviction.
4. The judgment should be reversed because the prosecution failed to introduce an engineering and traffic survey, and failed to establish the absence of a speed trap.
We first address appellant’s contention that the trial court committed reversible error by denying his request to proceed by way of a trial by written declaration.
California Rules of Court, rule 828 sets forth the minimum procedural requirements for trials by written declaration. Rule 828(b)(2) provides: “If the clerk receives defendant’s written request for a trial by written declaration by the appearance date indicated on the Notice to Appear, the clerk shall, within 15 calendar days after receiving defendant’s written request, extend the appearance date 25 calendar days and shall give or mail notice to defendant of the extended due date on the Request for Trial by Written Declaration (form TR-205) with a copy of the Instructions to Defendant (form TR-200) and any other required forms.”
Appellant’s argument that the trial court committed reversible error when it denied his request for a trial by declaration must be rejected because the request was both untimely and not in written form. California Rules of Court, rule 828(b)(2) requires that a request for a trial by declaration be made in writing by the appearance date indicated on the notice to appear. *Supp. 5 According to the record before us, appellant made an oral request for a trial by declaration on April 24, 2001,[1] over two and one-half months after the February 2, 2001 appearance date indicated on the notice to appear. The trial court therefore properly denied appellant’s request for a trial by declaration.
We next turn to appellant’s contention that his conviction deprives him of equal protection of the law. This contention is totally devoid of merit.
In his brief, appellant argues that: “Because the Equal Protection Clause requires that similarly situated people be treated the same, the officer’s admission that everyone drives two or three times the posted speed limit precludes defendant’s conviction.” However, “[a] defendant is not denied equal protection of the law simply because he is convicted while a codefendant is not (Harris v. Rivera (1981) 454 U.S. 339 [70 L.Ed.2d 530, 102 S.Ct. 460]), or because a codefendant is convicted of a lesser offense. (People v. Ferrell (1972) 25 Cal.App.3d 970 [102 Cal.Rptr. 372].) Rather, the pivotal issue is whether the defendant is singled out for disproportionate treatment (Gregg v. Georgia (1976) 428 U.S. 153 [49 L.Ed.2d 859, 96 S.Ct. 2909]), and that has not occurred here.” (People v. Superior Court (Bridgette) (1987) 189 Cal.App.3d 1649, 1652 [235 Cal.Rptr. 113].)
There is no indication in the record that appellant was singled out for disproportionate treatment or was the victim of invidious discrimination. The settled statement is silent on the issue of discrimination, and appellant makes no substantive argument on the point in his brief. We reject appellant’s novel claim that he was denied equal protection because other speeding drivers were not cited.
Appellant next argues the citing officer had no authority to issue a citation to him in the City of Beverly Hills. Appellant reasons that he was cited by an officer of the Los Angeles Police Department at a location in the City of Beverly Hills, and there is no indication that the Chief of Police of the City of Beverly Hills had authorized a Los Angeles officer to issue tickets in Beverly Hills under Penal Code section 830.1, subdivision (a)(2).[2]
The flaw in appellant’s argument is that it fails to grasp that subdivision (a)(1) and subdivision (a)(2) of Penal Code section 830.1 are two completely *Supp. 6 independent sources of authority for peace officers. Under subdivision (a)(1), the local peace officer’s authority extends to any place in the state for a public offense committed within the political subdivision which employs the officer. As a separate and distinct source of power, subdivision (a)(2) provides that a city police officer also has jurisdiction anywhere in the state where the officer is acting with the consent of the local chief of police or sheriff.
By focusing on the rule set forth in subdivision (a)(2), appellant’s argument ignores the plain language of Penal Code section 830.1, subdivision (a)(1). Under Penal Code section 830.1, subdivision (a), “The authority of these peace officers extends to any place in the state, as follows: [][] (1) As to any public offense committed or which there is probable cause to believe has been committed within the political subdivision which employs the peace officer.” We interpret subdivision (a)(1) as allowing an officer to issue a citation in an adjacent jurisdiction, even without the consent of the chief of police of the adjoining city, where the offense is committed in both jurisdictions. In addition to the plain language used by the Legislature, common sense dictates that where a traffic infraction is committed in two adjoining jurisdictions, an officer in pursuit of a traffic offender is not required to halt at the border of the second city to await the arrival of officers of the adjacent jurisdiction.
The record in the instant case demonstrates the practicality of this interpretation of Penal Code section 830.1, subdivision (a)(1). The settled statement on appeal indicates the pacing of appellant’s vehicle started in the City of Los Angeles, when Los Angeles Police Officer N. Barbara began his pace of appellant’s vehicle “at Beverly Glenn Boulevard in the City of Los Angeles and continued to Whittier Drive in the City of Beverly Hills, California where Appellant was stopped and issued a citation” for driving 62 miles per hour in a 3 5-miles-per-hour zone. Viewing the evidence in the light most favorable to the express and implied findings of the trial court, as required on appeal (People v. Catlin (2001) 26 Cal.4th 81, 139 [109 Cal.Rptr.2d 31, 26 P.3d 357]), the record supports the conclusion that appellant’s offense was committed, at least in part, in the City of Los Angeles. Officer Barbara therefore was entitled under the authority of Penal Code section 830.1, subdivision (a)(1), to issue appellant a citation anywhere in the state for an offense committed within the political subdivision (the City of Los Angeles) which employed the officer.
*Supp. 7 Appellant cites People v. Aldapa (1971) 17 Cal.App.3d 184 [94 Cal.Rptr. 579] and People v. Martin (1964) 225 Cal.App.2d 91 [36 Cal.Rptr. 924] to support his argument that the officer lacked authority to issue appellant a citation in the City of Beverly Hills. Aldapa and Martin are factually distinguishable from the instant case because both cases involved arrests by police officers of the City of Los Angeles for conduct which only took place entirely outside of the City of Los Angeles. (People v. Aldapa, supra, 17 Cal.App.3d at pp. 186-187; People v. Martin, supra, 225 Cal.App.2d at pp. 92-93.) As noted above, appellant’s violation involved driving which began in the City of Los Angeles, and the pacing officer was entitled to issue the citation on the theory he had probable cause to believe appellant committed an infraction in the city employing the officer.
Finally, we address appellant’s contention that the judgment should be reversed because the prosecution failed to introduce an engineering and traffic survey, and failed to establish the absence of a speed trap.
Where a defendant is charged with violating the basic speed law based on evidence that he exceeded a prima facie or posted speed limit and evidence of that speed is obtained through radar, the People are required to produce a current traffic and engineering survey, even in the absence of a request by the defendant. (People v. DiFiore (1987) 197 Cal.App.3d Supp. 26, 28 [243 Cal.Rptr. 359].) A certified copy of the engineering and traffic survey taken within the past five years, justifying the speed limit imposed on the section of the highway, must be lodged with the court, or judicial notice of the survey must be taken, or a copy of the survey must be produced in open court. (People v. Peterson (1986) 181 Cal.App.3d Supp. 7, 10 [226 Cal.Rptr. 554].) “[W]henever radar is used in conjunction with the enforcement of a posted speed limit on a nonlocal roadway, the speed trap laws are invoked, giving rise to the need for a current engineering and traffic survey that justifies the posted speed. Absent the survey ... the officer is incompetent to testify as to the speed of the defendant’s vehicle, even if his testimony is confined to his visual determination of that speed.” (People v. Conzelman (1994) 33 Cal.App.4th Supp. 6, 8 [39 Cal.Rptr.2d 156], fn. omitted.)
Appellant’s argument that the judgment must be reversed because of the failure to produce a current traffic and engineering survey is without merit because evidence of appellant’s speed was not obtained through radar. The settled statement makes no mention of radar, and instead indicates the officer issued appellant a citation after conducting a pace of appellant’s vehicle. The requirement of a traffic and engineering survey is unique to radar cases, and appellant has failed to cite any authority which would *Supp. 8 require a traffic survey in an unsafe speed prosecution based upon an officer’s pace of the offender’s vehicle.
The judgment is affirmed.
McKay, J., and Lee, J., concurred.

On April 25, 2001, appellant sent a letter to the trial court which provided in part: “This is to confirm our in-court conversation yesterday during which you advised me that the court clerk was entitled to deny my request for traffic trial by declaration for this infraction case. The purpose of this letter is to preserve the record for appeal in light of your statement that California does not allow trials by declaration. [10 I will therefore come to trial on May 24 (without submitting a trial by declaration). . .

Penal Code section 830.1 subdivision (a), provides in pertinent part as follows: “The authority of these peace officers extends to any place in the state, as follows: [IQ (1) As to any public offense committed or which there is probable cause to believe has been committed *Supp. 6 within the political subdivision which employs the peace officer. ffl] (2) Where the peace officer has the prior consent of the chief of police ... or person authorized by him or her to give consent, if the place is within a city or of the sheriff, or person authorized by him or her to give consent, if the place is within a county.”