EDMUND G. BROWN JR. Attorney General SUSAN DUNCAN LEE Deputy Attorney General
THE HONORABLE IRA RUSKIN, MEMBER OF THE STATE ASSEMBLY, has requested an opinion on the following question:
Does a person designated by a regional open space district as a park ranger, and regularly employed and paid in that capacity as part of the district's police force, have peace officer powers under the terms of Penal Code section 830.31 with respect to violations of law that occur outside the boundaries of the district?
 CONCLUSION
A person designated by a regional open space district as a park ranger, and regularly employed and paid in that capacity as part of the district's police force, has peace officer powers under the terms of Penal Code section 830.31 anywhere in the state, either for the purpose of performing his or her primary duty or when making an arrest as to any public offense with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of that offense. *Page 2 
 ANALYSIS
A regional open space district is a local government agency that operates parks and open space preserves for public use and recreation.[1] Public Resources Code section 5558 requires the governing board of a park or open-space district to "employ a suitable police force" for the protection and control of its properties.[2]
Park rangers typically perform such duties as patrolling and protecting the peace within park areas; investigating violations of laws and enforcing laws within park areas; and assisting in parking enforcement, lifeguard services, and emergency medical responses within park areas as needed.
In this opinion, we consider a situation in which an open space district has appointed a number of park rangers with peace officer powers. The central question here is whether *Page 3 
a park ranger has authority to exercise peace officer powers for purposes of violations of law that occur outside the jurisdictional boundaries of the district. In order to answer that question, we must examine two different statutes. Our task is to reconcile any apparent conflict between these two statutes in a manner that gives effect to the legislative intent underlying both of them.[3]
On one hand, we have Penal Code section 830.31(b), extending statewide peace officer authority to park rangers for specified purposes.[4] On the other hand, Public Resources Code section 5561 gives a district's officers peace officer powers "within the district for which they are appointed or employed."[5] Given the apparent tension between *Page 4 
these two statutes, we have been asked to determine whether a park ranger may exercise peace officer powers statewide, or only within the appointing district.
We find instructive an opinion by the court of appeal in Brierton v.Department of Motor Vehicles, 130 Cal. App. 4th 499 (2005). In that case, a state university police officer arrested a driver on a city street, more than a mile off campus, on suspicion of reckless driving. On appeal from his conviction, the driver argued that the territorial jurisdiction of state university police officers was limited to state university campuses and the area within one mile of a campus boundary. The Brierton court first noted that Penal Code section 830.2[6] grants broad statewide authority to state university police officers, and also provides that "the primary duty of the peace officer shall be the enforcement of the law within the area specified in Section 89560 of the Education Code."[7] The court then noted that Education Code section 89560[8] defines the "area" referred to in section 830.2 as "the headquarters or *Page 5 
. . . any campus of the California State University and . . . an area within one mile of the exterior boundaries of each campus."[9] The court concluded that "the intent of the statutes, when read together, is to create a class of state peace officers whose primary duty is law enforcement in and around state university campuses, but who nevertheless possess the authority to enforce the law statewide."[10]
The court reasoned that, by identifying an area of "primary duty" for certain officers, the Legislature did not limit the authority of those officers to their area of primary duty.
 This legislative design indicates an intent to have each class of peace officer enforce the laws within the ambit of their specified employment duties, and to make other law enforcement actions the exception rather than the rule. Generally speaking, under this system, California Highway Patrol officers should not be focusing on patrolling the state university campuses and campus police officers should not be spending their time patrolling public highways. However, this does not mean that California Highway Patrol officers do not have the authority to enforce state laws on university campuses or that campus police officers do not have the authority to enforce state laws outside of a university campus (or beyond the area within one mile of a university campus).[11]
Following the reasoning in Brierton, we perceive that the combined intent of Penal Code section 830.31(b) and Public Resources Code section 5561 is to create a class of peace officers whose primary duty is law enforcement in and around regional parks and open spaces, but who nevertheless possess authority to enforce the law statewide. There are, however, some limitations in the Penal Code section at issue here that were not present in Brierton. That is, statewide authority is granted to park rangers not for all purposes but only for specified purposes: Park rangers are peace officers "whose authority extends to any place in the state for the purpose of performing their primary duty or when making anarrest *Page 6 
. . . as to any public offense with respect to which there is immediatedanger to person or property, or of the escape of the perpetratorof that offense. . . ."[12]
In other words, a park ranger may exercise any of the powers of a peace officer anywhere in the state for the purpose of performing his or her primary duty. For example, a park ranger would be authorized to execute a search warrant anywhere in the state in order to investigate a theft of the park's property.[13]
Additionally, a park ranger may exercise the power of arrest anywhere in the state as to any public offense that presents an immediate danger to person or property.[14] In this connection, we note that this power does not extend only to felonies, but to any public offense — including a misdemeanor or infraction — that poses an immediate danger to persons or property.[15] Traffic offenses are a familiar occasion for exercising the statewide arrest authority, [16] but not necessarily the only one.[17]
Further, a park ranger has the power of arrest with respect to the escape of a perpetrator of an offense that presents an immediate danger to person or property. Again, *Page 7 
because of their mobile and fleeting nature, traffic offenses are a familiar occasion for exercising such authority, [18] but, again, not necessarily the only one.
Finally, we have been asked to consider specifically whether a park ranger has authority to issue a citation for a violation of a state law or local ordinance occurring outside the district. It has been suggested that Public Resources Code section 5560.1 forecloses that authority because it authorizes a park employee to issue a citation only "when the violation is committed within a district park and in the presence of the employee issuing the citation." We disagree. The provisions of the Public Resources Code do not override the Penal Code when it comes to defining the scope of a peace officer's powers. Therefore a park ranger has the citation powers allowed by section 830.31. Accordingly, we conclude that a park ranger has authority to issue a citation for a violation of state law or local ordinance occurring outside the district, either for the purpose of performing the park ranger's primary duty, or when the offense presents an immediate danger to person or property, or of the escape of the perpetrator of that offense.
In sum, we conclude that a person designated by a regional open space district as a park ranger, and regularly employed and paid in that capacity as part of the district's police force, may exercise the powers set forth in Penal Code section 830.31(b) anywhere in the state, either for the purpose of performing his or her primary duty or when making an arrest as to any public offense with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of that offense.
[1] Pub. Res. Code § 5541.
[2] Public Resources Code section 5558 states:
 (a) The board shall superintend, control, and make available to all of the inhabitants of the district, subject to its ordinances, rules, and regulations, all public parks, playgrounds, beaches, parkways, scenic drives, boulevards, open spaces, and other facilities for public recreation belonging to the district or under its control.
 The board shall regulate, restrain, and control the kind of vehicles, and the time and conditions of travel or parking on such public parks, playgrounds, beaches, parkways, scenic drives, boulevards, open spaces, and other facilities for public recreation, and it shall employ a suitable police force and shall adopt all ordinances, rules, and regulations necessary for the administration, government, protection, and use of the property, improvements, and facilities belonging to the district or under its control.
 The board shall, in general, do all acts necessary to the proper execution of the powers and duties granted to, and imposed upon, it by this article, and to manage and control the business and affairs of the district.
 (b) Notwithstanding any other provision of this section, the board of any district organized pursuant to Sections 5506.5 and 5538.5 may designate and employ officers and employees of the county in which the district is located as the district police force required by this section.
[3] Dyna-Med, Inc. v. Fair Employment Housing Com., 43 Cal. 3d 1379,1387 (1987).
[4] With respect to park rangers, Penal Code section 830.31 states, in relevant part:
 The following persons are peace officers whose authority extends to any place in the state for the purpose of performing their primary duty or when making an arrest pursuant to Section 836 as to any public offense with respect to which there is immediate danger to person or property, or of the escape of the perpetrator of that offense, or pursuant to Section 8597 or 8598 of the Government Code. These peace officers may carry firearms only if authorized, and under the terms and conditions specified, by their employing agency.
 . . . .
 (b) A person designated by a local agency as a park ranger and regularly employed and paid in that capacity, if the primary duty of the officer is the protection of park and other property of the agency and the preservation of the peace therein.
[5] Public Resources Code section 5561 states:
 The police appointed or employed by the board shall have, within the district for which they are appointed or employed, all the powers of police officers of municipal corporations except the power of serving and executing civil process.
We assume that all lands owned or managed by a district are within the jurisdictional boundaries of the district for purposes of section 5561 and of our analysis.
[6] Penal Code section 830.2 states:
 The following persons are peace officers whose authority extends to any place in the state:
 . . .
 (c) A member of the California State University Police Departments appointed pursuant to Section 89560 of the Education Code, provided that the primary duty of the peace officer shall be the enforcement of the law within the area specified in Section 89560 of the Education Code.
[7] See Brierton, 130 Cal. App. 4th at 511.
[8] Education Code section 89560 states:
 The trustees may appoint one or more persons to constitute a police department for the headquarters and for each campus of the California State University. Persons employed and compensated as members of a California State University police department, when so appointed and duly sworn, are peace officers. However, such peace officers shall not exercise their powers or authority except (a) at the headquarters or upon any campus of the California State University and in an area within one mile of the exterior boundaries of each campus or the headquarters, and in or about other grounds or properties owned, operated, controlled, or administered by the California State University, or by trustees or the state on behalf of the California State University, and (b) as provided in Section 830.2
of the Penal Code.
[9] Brierton, 130 Cal. App. 4th at 511-512.
[10] Id. at 512.
[11] Id. at 513; see also 64 Ops.Cal.Atty.Gen. 886, 889-891 (1981) (Legislature did not limit peace officer powers of wildlife officers by specifying their "primary duty").
[12] Penal Code § 830.31 (emphases added).
[13] See Baughman v. State of California, 38 Cal. App. 4th 182,188-189 (1995) (state university police officer had authority to execute search warrant more than one mile off campus in order to investigate theft committed on campus); People v. Cooper, 101 Cal. App. 4th Supp. 1, 6 (2002) (city police officer had authority to make arrest outside of city boundaries for speeding violation committed inside city boundaries); see generally 80 Ops.Cal.Atty.Gen. 293, 295-296 (1997) (identifying powers of peace officers).
[14] Penal Code §§ 830.1, 836.
[15] Penal Code § 16 ("Crimes and public offenses include [¶] 1. Felonies; [¶] 2. Misdemeanors; and [¶] 3. Infractions."); see alsoPeople v. Hamilton, 191 Cal. App. 3d Supp. 13, 16 (1986).
[16] E.g. Johnson v. Lewis, 120 Cal. App. 4th 443, 452-455 (2004);People v. McHugh 119 Cal. App. 4th 202, 210 (2004).
[17] E.g. Inouye v. County of Los Angeles, 30 Cal. App. 4th 278, 284
(1994) (shooting in course of attempted arrest).
[18] E.g. People v. McHugh, 119 Cal. App. 4th at 211; People v.Hamilton, 191 Cal. App. 3d Supp. at 16. *Page 1